DANIEL G. CORBETT, et al., v. L. R. BRADLEY, et als.

TIME TO PRESENT CLAIMS AGAINST CAVANAUGH FOR STATE CAPITOL CONSTRUCTION. The limitation of thirty days time, within which to present claims against Peter Cavanaugh to the State Board of Examiners for services rendered and materials furnished for the state capitol, under the Act of March 6th, 1871, (Stats. 1871, 154) was a material provision, and to authorize legal action by such board, had to be complied with.

STATUTORY CONSTRUCTION—WHAT IS DIRECTORY. No specific requirement of a statute should be dispensed with or held merely directory, unless it is clearly manifest that the legislature did not deem a compliance with it material, or unless it appears to have been prescribed simply as a matter of form.

PRINCIPLE OF DECISIONS AS TO WHAT IS MERELY DIRECTORY. When any requirement of a statute is held to be directory and not material to be followed, it is upon the assumption that the legislature itself so considered it, and did not intend to make the right conferred dependent upon a compliance with the form prescribed for securing it.

LIMITATION OF TIME TO PRESENT CLAIMS—PRESUMPTION OF MATERIALITY. Where a special act in relation to the presentation of certain claims, otherwise not allowable, required them to be presented within thirty days, (Stats. 1871, 154) and therefore made a distinction between such claims and ordinary ones as to the time of presentment: Held, that the presumption was, that such limitation as to time was material and necessary to be followed.

This was an application to the Supreme Court by Daniel G. Corbett and William H. Corbett, partners under the firm name of Corbett Brothers, for a mandamus to require L. R. Bradley; Governor, J. D. Minor, Secretary of State, and L. A. Buckner, Attorney General, comprising the State Board of Examiners, to

take action upon certain claims amounting to $711.12, presented by relators, as assignees of various persons, for services rendered and materials furnished to Peter Cavanaugh for construction of the state capitol, under the act in reference to such claims of March 6th, 1871. It appears that the claims were not presented until April 6th, 1871, one day after the expiration of the thirty days limitation prescribed by the act; and for this reason the board of examiners refused to consider them.

*Thomas Wells*, for Relator.

I. The intent of the legislature is to govern. The object of the act was to provide for the payment of *all* the claims therein specified. 4 Nev. 45, 174, 241; 5 Nev. 283; 3 How. 556; 6 Nev. 68; 6 Cranch, 307.

II. As to when a law is merely directory, see: 4 Cal. 275; 14 Cal. 155; 15 Cal. 223, 387; Smith's Com. 782; 3 Mass. 232; 6 Wendell, 486 and note; 6 Hill, 646; 5 Cowan, 269; 11 Wendell, 604; 12 Wendell, 481; 12 Conn. 242.

*L. A. Buckner*, Attorney General, for Defendants.

By the Court, LEWIS, C. J.

By Section 2 of an act of the legislature, approved March 6th, 1871, it is provided that "Any person, having an unsatisfied *bona fide* claim against Peter Cavanaugh, for labor actually performed, money or material actually furnished, services rendered, or expenses necessarily incurred for, and actually used in, the construction or completion of the state capitol at Carson, which claim has not been paid or secured, either in whole or in part, by warrants or orders for warrants upon the treasury, shall present the same to the State Board of Examiners, within thirty days after the passage of this act, itemized and duly verified, for their action as provided by law." The plaintiffs, having claims of the character here designated, presented them to the board, who refused to allow the same because not presented within thirty days after the passage of the act. A writ of mandamus is now asked to determine the question,

whether a claim not presented within the time designated can legally be allowed by the examiners.

We are of opinion that the limitation as to time is a material provision of the act, and therefore that it must be complied with. It should never be held that any specific requirement of a statute may be dispensed with, except when it is clearly manifest the legislature did not deem a compliance with it material, or unless it appears to have been prescribed simply as matter of form. It is the province of the courts to enforce the will of the legislature, as expressed in the statutes. If it is evident from the ordinary grammatical construction of the words used, that it intended a right should be enjoyed only upon some specified conditions, there is no power, in the courts or elsewhere, to dispense with the condition imposed, or to hold that a thing which it deemed essential to be done at one time, may nevertheless be done at another. When any requirement of statute is held to be directory, and therefore not material to be followed, it is upon the assumption that the legislature itself so considered it, and did not intend to make the right conferred dependent upon a compliance with the form prescribed for securing it. It is upon this principle that the courts often hold the time designated in a statute, where a thing is to be done, to be directory. No court, certainly, has the right to hold any requirement of a law unnecessary to be complied with, unless it be manifest the legislature did not intend to impose the consequence which would naturally follow from a non-compliance, or which would result from holding the requirement mandatory, or indispensable. If it be clear that no penalty was intended to be imposed for a non-compliance, then, as a matter of course, it is but carrying out the will of the legislature to declare the statute in that respect to be simply directory. But if there be anything to indicate the contrary, a full compliance with it must be enforced.

There is no evidence here that the legislature did not intend to require a strict compliance with all the conditions of the section in question. But, on the other hand, in making a distinction between the claims provided for by it and ordinary demands against the state, requiring them to be presented to the board within a designated time, the only natural presumption is that the limitation as

to time was imposed with some purpose, and was deemed material and necessary to be followed. If the time were not thought essential, why not place these claims on the same footing as others, by simply providing that they might be presented to the board of examiners for its action, as is done in the case of other demands, with no specified limitation? Again, the assumption by the state of these claims, which were held against Peter Cavanaugh, and which were legal demands against him only, was entirely gratuitous. Without the act in question, the board of examiners would have had no authority or right to allow or act upon them, and it is only authorized to act upon or allow such claims as were presented within thirty days from the passage of the act. Whence the authority, then, to act on such as were not so presented? The board's authority in this respect is limited to the consideration of such demands as were presented within the time; hence, it has no more right to allow such as were not so presented, than it would to allow them if the act in question had never been passed. The jurisdiction, so to speak, of the board, is confined to the consideration of claims of a designated character; and those which do not come within the class named, whether in respect to the time when presented, or in any other respect, are not such as the act has provided for, and are therefore beyond its power or control. The presentation within the thirty days is clearly a condition upon which the authority of the board to consider them is made to rest; if, therefore, the condition be not complied with, the authority of the board fails. Mandamus refused.