76  325
88  910
76  325
94  246

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

TOWN OF DANVILLE V. SHELTON AND ALS.

March 30, 1882.

1. MUNICIPAL CORPORATIONS—*Powers.*—Their powers are such only as the legislature confers in their charters. Taxes imposed by them must be equal and uniform and *ad valorem.* If so authorized, they may levy a tax on all business which cannot be reached by the *ad valorem* system. But under color of a license tax they cannot impose an unequal and uniform tax on property.

2. IDEM—*Ordinances.*—Charter of D provides "That no ordinance or resolution appropriating money exceeding the sum of $1,000, *imposing taxes,* or authorizing the borrowing of money, shall be passed until after ten days from the introduction thereof." An ordinance imposing taxes was introduced in council 21st January, 1881, and passed same day. More than ten days afterwards council met, heard objections of some who wished the ordinance amended, and refused to amend it. Nearly four months later the tax bill was again formally introduced, and ten days thereafter the council formally enacted it.

HELD :

    1. The provision was not merely directory, but was a limitation on the municipal powers. Passage of ordinance on the day of its introduction was violative of the provision, and ordinance void.

    2. Hearing objections and refusing to amend ten days later did not cure the defect in the ordinance, which was in want of jurisdiction to pass it.

    3. Nor could the enactment, four months later, of a new ordinance cure the defect in the original.

3. IDEM—*Exemption.*—The ordinance exempted from taxation "the capital of building and loan associations whose loans should thereafter be applied exclusively to constructing buildings within the corporate limits of D."

HELD :

    This exemption feature did not make ordinance illegal.

4. IDEM—*Inequality*.—The ordinance imposed on "every one engaged in purchasing leaf tobacco in D a tax of ten dollars, and one per cent. on capital employed, and in addition fifteen cents per thousand pounds purchased monthly."

HELD:

> This feature is illegal. As a tax, fifteen cents on the thousand pounds, without regard to value, is unequal. As a license, it is not warrantable, because the business could have been reached on the *ad valorem* principle.

Appeal from decree of the circuit court of Danville, rendered 12th July, 1881, in suit of William N. Shelton and others *against* the town of Danville and others.

The council of that town, on 21st January, 1881, passed a tax bill on the same day it was introduced, containing an exemption of building associations, &c., from taxation, and imposing on every one engaged in purchasing leaf tobacco a tax of ten dollars and one per cent. on the capital employed, and fifteen cents on every thousand pounds purchased each month. Shelton and other citizens obtained an injunction, on the ground that the tax bill was illegal in the manner of its passage, in its exemption feature, and also in the inequality of the tax imposed on every thousand pounds of tobacco purchased each month, without regard to the value thereof. The town filed demurrer and answer to the bill, and took numerous depositions, and moved to dissolve the injunction. The circuit judge overruled the demurrer, decreed the tax bill illegal, and perpetuated the injunction. From that decree the town obtained an appeal. The remaining facts and points are fully stated in the opinion of the court.

*W. W. Henry*, for the appellant.

1. The tax bill is legal and valid, though not formally introduced into the council ten days before its first enactment on 21st January, 1881. Section 23 of the charter of

Danville is merely directory, and not mandatory. It does not say "*no ordinance imposing taxes shall be valid* unless introduced ten days before its passage." See Cooley on Con. Lim. 77; *U. S. Trust Co.* v. *U. S. Fire Ins. Co.*, 18 N. Y. 199; *People* v. *Cook*, 8 N. Y. 67.

2. Refusal of council to amend it more than ten days afterwards, on full discussion of its features, was tantamount to a re-enactment, and cured any defect in the mode of its original passage. See Cooley, p. 371.

3. Its exemption feature is legal.

4. The tax on persons engaged in purchasing leaf tobacco is a tax on occupations, or license tax, and to such tax the constitutional provisions requiring equality and uniformity do not apply. *Helfrick's case*, 29 Gratt. 850.

*Ould & Carrington,* for appellees.

ANDERSON, J., delivered the opinion of the court.

We said in *Ould & Carrington* v. *City of Richmond* (23 Gratt. 467) that public corporations "have no inherent jurisdiction, like the State, to make laws or adopt regulations of government. They are governments of enumerated powers, acting by a delegated authority; so that, while the State legislature may exercise such powers of government, within the description of legislative power, as are not expressly or impliedly prohibited, the local authorities can exercise those only which are expressly or impliedly conferred, and such as are incidental, subject to such regulations as are annexed to the grant." The question in this case is, whether the power is conferred on the corporation, or council, of the town of Danville, to impose the taxes, and to make the exemptions from taxation, complained of by the plaintiffs below.

The constitution of this State does not expressly confer

upon the State, the counties, or corporate bodies, the power of taxation. But the power to tax rests upon necessity, and is inherent in every sovereignty. *Supra,* p. 466, citing Cooley on Const. Limitations, and *McCulloch* v. *Maryland,* 4 Wheat, 316. It is a legislative power, and all legislative power of the State is vested in the general assembly. But the municipal corporations have only such powers as the legislature of the State confers.

The constitution, art. 10, section 1, is rather a restriction upon the exercise of the power of taxation, whether by the State, the counties, or corporate bodies, by providing that, except as thereinafter provided, it "shall be equal and uniform, and all property, both real and personal, shall be taxed in proportion to its value, to be ascertained as prescribed by law. No one species of property, from which a tax may be collected, shall be taxed higher than any other species of property of equal value." Neither the legislature of the State, nor counties, nor municipal corporations, in the imposition of taxes can disregard these restrictions, or can impose taxes contrary to the principles therein declared; nor can the legislature confer such power on any of the sub-divisions or municipal corporations of the State. They are all bound, in laying taxes, to observe the qualifications and restrictions of said first section of the 10th article of the constitution as the supreme law of the State.

Section 4 contains the exceptions to the qualifications and restrictions enjoined by section 1. It provides that "the general assembly may levy a tax on incomes in excess of $600 per annum, and upon the following licenses," which are enumerated, "and all other business which cannot be reached by the *ad valorem* system." And the same power may be delegated by the general assembly to a municipal corporation. It is under this general clause that the legislature, or a municipal corporation, in laying taxes, is warranted to depart from the *ad valorem* principle, when

the business cannot be reached by it. But if it can, the tax must be assessed upon that principle. I do not regard this fourth section as releasing the legislature from an obligation, in laying taxes under it, to make them uniform and equal as far as practicable. Justice and equality are of the essence of constitutional taxation. 23 Gratt., *supra*. But exact justice and equality are not attainable, and consequently not required. Id., citing Cooley on Con. Lim., 13 Gratt. 767 and 577, and 14 Gratt. 422, 434, 435.

The charter of the town of Danville provides that "no ordinance or resolution, appropriating money exceeding the sum of one thousand dollars, imposing taxes, or authorizing the borrowing of money, shall be passed until after ten days from the introduction thereof." The ordinance imposing the taxes complained of was introduced in the council on the 21st of January, 1881, and passed the same day, and for that cause it was insisted by the plaintiffs below, and held by the court, that it was passed in violation of the charter. The plaintiffs here assign this ruling of the court as error.

This provision is contained in an act of assembly, to amend the charter of the town of Danville, approved February 17, 1876. And a question is raised by the plaintiffs in error, whether said provision is a restriction or limitation on the powers theretofore vested in the corporation, or only a restriction on the powers conferred, or the matters introduced by that act.

Section one shows that said act was intended to be an amendment of the act then in force, which constituted the charter of said town, by adding a section to come in after section thirty-one, to be section thirty-two of said charter. Section 32, which contains the provision in question, thereby became as much a part of the charter as the previous sections, or as if it had been a part of the original act of incorporation. And its provisions are enlargements

or limitations of powers which were conferred prior to its passage. For instance, as to the power of the council over streets, this 32d section provides that whenever any new street shall be laid out, a street be graded or paved, a culvert built, or any other improvement whatsoever made—these powers are not given by this section, but by the previous acts—the council may determine what portion of the expenses, if any, ought to be paid out of the public treasury (which is an enlargement of its powers), and what portion by the owners of real estate benefited, provided that not more than one-half the cost shall be assessed on such owners of real estate. That is a restriction.

The requirement that no such improvement shall be made, until first requested by a petition signed by at least a majority of the owners of property to be assessed, or unless at least three-fourths of all the council shall concur, is also a restriction on the powers theretofore possessed by the council.

The power to collect such local assessments, as taxes were collected, is an addition to or enlargement of its powers.

The requirement of a vote of two-thirds of all the members elected to pass an ordinance or resolution appropriating money exceeding $1,000, imposing taxes, or authorizing the borrowing of money, is a restriction on the powers theretofore possessed by the council.

The provision that at a special or called meeting no vote shall be reconsidered or rescinded, unless as large a number of members are present as were when such vote was taken, is also a restriction, applicable to all subjects upon which a vote may be taken.

Then follows the provision in question, which is a limitation on powers of the council, the exercise of which directly affects, and materially, the pecuniary interests of every person or owner of property within the limits of the

corporation, and seems to have been designed for their protection and benefit. All these provisions are plainly applicable to powers theretofore conferred by the charter, and I can see no ground for the pretension that this 32d section shall be confined to powers conferred or matters introduced by that section. The powers to which they are applicable are plainly those with which the council was before invested, and which the council may exercise under the charter as amended by the addition of the 32d section, with the qualifications imposed by that section.

It is equally clear upon the facts, that the ordinance in question was not passed after ten days from its introduction in the council, but was passed on the day it was introduced. And the only question is, Had the council the power then to pass it? Is the requirement of the charter that the tax bill shall not be passed until after ten days from its introduction in the council, mandatory or only directory?

By directory is meant that it is to be considered as giving directions which *ought* to be followed, but not so as limiting the power, in respect to which the directions are given, that it cannot be effectually exercised without observing them. It is not always easy to distinguish provisions of a statute, which are conditions precedent to the act to be done, from those which are directory merely. The language employed in the provision under consideration, "that no ordinance or resolution appropriating money exceeding the sum of one thousand dollars, imposing taxes, or authorizing the borrowing of money, shall be passed until after ten days from the introduction thereof," does not purport to be merely directory, but to be a limitation of the power. Under this provision the council had no power to pass the ordinance within the ten days. Judge Cooley says, "The general disposition of the courts of this country has been to confine municipalities within the limits that a strict construction of the grants of powers in their

charters will assign to them." (Cooley on Constitutional Limitations, p. 195.)

The object of this limitation on the powers of the council to legislate on subjects of such gravity and importance to the municipality is apparent. It was to prevent hasty legislation, and to insure due deliberation on part of the council, in the interest of the citizen and the tax-payer. The supreme court of Michigan, in *Clark* v. *Crane* (5 Mich. 154), laid down the rule that "what the law requires to be done for the protection of the tax-payer is mandatory, and cannot be regarded as directory merely." And Judge Cooley says a similar rule was recognized in a recent case in Illinois—*Marsh* v. *Chesnut,* 14 Ill. 223. Lewis, Ch. J. (in *Corbett* v. *Bradley,* 7 Nev. 108) says when any requirement of a statute is held to be directory, and therefore not material to be followed, it is upon the assumption that the legislature itself so considered it, and did not make the right conferred dependent upon a compliance with the form prescribed for securing it. It is upon this principle that the courts often hold the time designated in a statute, when a thing is to be done, to be directory. No court certainly has the right to hold any requirement of a law unnecessary to be complied with, unless it be manifest that the legislature did not intend to impose the consequence which would naturally follow from a non-compliance, or which would result from holding the requirement mandatory or indispensable. These views are commended by Judge Cooley, same book, in a note to p. 76. That the legislature intended that the exercise of the power in this case should be dependent upon the compliance with the requirement, is perfectly evident, for, by the operation and effect of this provision, the *power* to pass the ordinance does not exist until after the lapse of ten days from its introduction into the council.

*In re* Douglas, 46 N. Y. 42, it was held that the provision of the charter of the city of New York prohibiting the passing of, or adoption of, certain resolutions by the common council, until two days after the publication thereof, is mandatory; and an ordinance or resolution not so published is void, &c. *In re* Astor, 50 N. Y. 363, it was also so held. Numerous decisions in New York to the same effect were cited by appellee's counsel. But I deem it unnecessary to pursue this inquiry farther. My conclusion is that the tax bill passed by the council on the 21st of January, 1881, the same day it was introduced into the council, was a violation of the provision of the amended charter under consideration; and that that provision being a limitation of the power of the council to pass the ordinance imposing the taxes complained of at that time, was illegal and void as to the defendants in error.

I am also of opinion that the holding of a subsequent meeting of the council on the 8th of February, 1881, and after hearing complainant's objections to the imposition of the taxes of which they complained, and refusing to grant them relief from said taxes, did not legalize its action in imposing them; and that complainants were not estopped to raise the objection in their bill for an injunction to the power and jurisdiction of the council, because they failed to make the objection when they urged other objections to the tax before the council on the 8th of February.

Now, to consider the objections made to the tax bill on other grounds. I do not think it is made illegal by the exemption of the capital of building and loan associations, whose loans shall thereafter be applied exclusively to constructing buildings within the corporate limits of the town of Danville. The design and motive for making this exemption were evidently to encourage the erection of buildings within the limits of the corporation, which would increase its sources of revenue and encourage immigration

by providing habitations for settlers, and promote the growth and prosperity of that thriving town. Whether the council was judicious, in this instance, in its selection of the subject of exemption; whether it would not have been better to have imposed a tax upon the capital of the association, and exempted the buildings for a limited time which were made upon loans of the association, which were well secured, and for which they were well compensated in interest which they required of the builders, was a matter addressed to the sound discretion of the council, if it was invested with the power of exemption, with no other restriction on its exercise than the accountability of its members to their constituency.

I am of opinion that the council had the power of exemption. This question was thoroughly considered in *Williamson* v. *Massey, Auditor*, 33 Gratt. 237, and I beg to refer to what I said upon it in that case, which need not now be repeated. I refer also to *City of Richmond* v. *The Richmond and Danville R. R. Company*, 21 Gratt. 604, and to the language of Judge Staples, who delivered the opinion of the court. I also referred to the opinion of Judge Joynes in *Orange and Alexandria Railroad Co.* v. *City of Alexandria*, 17 Gratt. 176, in which he makes a distinction between the powers of the State legislature and a municipal corporation. It is proper here to say that that case was decided before the present constitution was adopted, which expressly includes counties and corporate bodies, and under which the Richmond city and Danville railroad case, *supra*, was decided.

The next objection we will consider is to the tax imposed on persons or firms engaged in the business of purchasing leaf tobacco by section 15. Taxes should be equal and uniform on all persons engaged in the same business, and the tax on property shall be in proportion to its value, and

"the capital invested in all business operations shall be assessed and taxed as other property" (Va. Const., art. 4, § 4). And "no one species of property from which a tax may be collected shall be taxed higher than any other species of property of equal value." (Va. Const., art. 10, § 1.) The tax on real estate is limited by the charter to $1.00 upon the hundred dollars' value, consequently a tax on other descriptions of property cannot exceed that.

It is shown that persons engaged in the business of purchasing leaf tobacco in the town of Danville, constitute two distinct classes, or rather that there was a class who confined their operations to the purchase of cheap tobacco, and there was another class who operated alone in the purchase of high price tobacco ; and that the prices of tobacco in that market varied from one cent or less per pound to one dollar or more per pound, though but a small portion of tobacco was sold at the extreme low or high rates.

A man who purchased 100,000 lbs. of tobacco at 50 cents per lb. employed $50,000 in the business, whilst the man who purchased the same quantity, 100,000 lbs. at 10 cents per lb., employed a capital of only $10,000, and is required by this ordinance to pay the same tax that his neighbor, who employed a capital of $50,000, was required to pay. Such an appropriation of taxation is virtually a premium to the large dealer over the small, and it seems to me is unequal and unjust.

On every person or firm engaged in the purchase of tobacco within the limits of the corporation a tax of ten dollars is imposed. This is purely a license tax, and is not graduated by the amount of capital that may be employed in the business, and it need not be, as it is, a tax on the privilege. In addition, a tax of one per centum is imposed on the capital employed, which the constitution requires shall be taxed as other property, and it is laid at the highest rate

allowable in a tax on property. In addition is the tax of 15 cents per 1,000 lbs. of leaf tobacco purchased each month. The tobacco so purchased is purchased with the capital, is already taxed as property at the highest rate allowable, and is an additional tax on the capital, and consequently exceeds to that extent the limit of taxation allowable on the capital employed in the business, and in that view is illegal.

But this is claimed also to be a tax on the business; but if it is, the constitution requires that it shall be assessed upon the *ad valorem* system, unless it cannot be reached upon the *ad valorem* principle. And it would seem to be perfectly practicable to have graduated the tax upon the monthly purchases of leaf tobacco upon the *ad valorem* principle.

The ordinance which was passed on the 21st of June, 1881, was introduced at a meeting held by the council on the 10th of the same month; so that more than ten days had elapsed after its introduction in the council before it was passed. It is, consequently, not liable to the objection made to the first ordinance, so far as it imposed taxes, and which was one of the grounds of the injunction, that it was not within the power and jurisdiction of the council at that time to pass it. It was, in fact, not passed until after the bill was filed and the injunction granted, and was not subject to the injunction. But it was passed before the motion was made to dissolve the injunction, and was relied upon in the answer as one of the grounds for a dissolution of the injunction. And if that had been the only ground for the injunction, this new matter introduced by the answer would have shown a sufficient reason for not continuing the injunction. But there were other grounds for the injunction, which we have considered, and deem sufficient, and which are not removed by the new tax bill, for the

objectional provisions are precisely the same in that that were in the former. I am of opinion, therefore, and for the foregoing reasons, that there is no error in the order of the court below overruling the motion to dissolve the injunction, and that the same be affirmed.

BURKS, J., concurred in the results.

DECREE AFFIRMED.