[Crim. No. 1050. First Appellate District.—September 7, 1911.]

CARL RHODES, Petitioner, v. B. V. SARGENT, as Judge of the Superior Court of the State of California, in and for the County of Monterey, Respondent.

CRIMINAL LAW — INEFFECTUAL APPEAL UNDER CODE AMENDMENT— PROPER ENFORCEMENT OF JUDGMENT.—An appeal in a criminal case taken by the defendant, under section 1247 of the Penal Code as amended in 1911, is ineffectual where the defendant has failed within five days after the appeal to file with the clerk and present to the trial court the application required under such amendment, stating generally the grounds of the appeal, the points relied upon, and stating what parts of the reporter's notes it will be necessary to have transcribed to fairly present the points relied upon; and, upon such failure, the trial court is justified in disregarding the appeal, and in proceeding forthwith to enforce the judgment.

ID.—EFFECT OF CODE AMENDMENT—CHANGE OF SECTION FROM DIRECTORY TO MANDATORY PROVISION.—Though section 1247 of the Penal Code, as it originally stood, was held to be directory in its provisions, yet the clear effect of the amendment of 1911 to that section is to make it mandatory, in expressly providing that: "If such application is not filed within said time, the appeal is wholly ineffectual, and shall be deemed dismissed, and the judgment or order may be enforced as if no appeal had been taken." The history of the section, as well as the language, clearly indicates that it was intended by the amendment to make it mandatory.

ID.—CONSTRUCTION OF STATUTE IMPOSING PENALTY FOR NONCOMPLIANCE.—When a statute imposes a penalty for noncompliance, it must be regarded as imperative; and when the statute attaches a consequence to the failure to perform the act within the time limited, the consequence can only be avoided by compliance with the statute.

ID.—IGNORANCE OF THE FACT OF THE AMENDMENT.—The ignorance of the appellant as to the fact or the effect of the amendment, when the appeal was taken, cannot operate to save his lost right of ap-

peal. In no case can one justify his action, or failure to act, by the naked showing that he did not know of the existence of the law.

ID.—NECESSITY OF UNIFORM OPERATION OF LAW—KNOWLEDGE IMMATERIAL.—When a law takes effect, it is operative even in localities so remote as to render any knowledge of its existence impossible. It being practically impossible actually to notify every person in the community of the passage of a law, whatever day may be appointed for its taking effect, no general rule could be adopted less exceptionable. The fact that the general rule may, in some instances, work hardship cannot avail as an excuse, or prevent the necessity of the uniform operation of the law when it goes into effect.

ID.—MANDAMUS DISALLOWED.—A writ of mandate cannot be allowed to compel the trial court to certify the transcript in order that the appellant may not forfeit his lost right of appeal on account of his ignorance of the amendment to section 1247 of the Penal Code when the appeal was taken.

PETITION for writ of mandate to the Judge of the Superior Court of Monterey County. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

B. A. Herrington, for Petitioner.

U. S. Webb, Attorney General, for Respondent.

KERRIGAN, J.—This is a proceeding in *mandamus*. The petitioner herein, charged with murder, was tried and found guilty of murder in the second degree. On June 5, 1911, a motion for a new trial was denied, and a judgment of conviction was entered, from which judgment and order petitioner, in open court, on said fifth day of June, announced and took an appeal. At the same time the court, upon petitioner's motion, directed the phonographic reporter to transcribe all the testimony and proceedings had and taken at the trial, for the purpose of said appeal. In compliance with that order the proceedings were transcribed and filed with the clerk, and presented to the judge within the time prescribed by law; but the judge on July 5th refused to certify thereto, canceled the certificate of probable cause, and ordered and decreed that the judgment be forthwith enforced, upon the ground that petitioner's appeal was ineffectual for any purpose, for the reason that he had not filed and presented a proper application within five days after the entry

of the judgment, stating the ground of the appeal, the points upon which he relied, and designating what portions of the reporter's notes it would be necessary to have transcribed to fairly present the points of the appeal. Whereupon this proceeding was instituted to compel the court to certify to the reporter's transcript, in order that petitioner might perfect his appeal.

The action of the court in this regard was based upon section 1247 of the Penal Code as amended in 1911, which amendment was passed April 6th of that year, and went into operation sixty days thereafter, to wit, June 5th [Stats. 1911, p. 692] (*Santa Cruz Water Co.* v. *Kron*, 74 Cal. 222, [15 Pac. 772]), the day the appeal herein was taken. That section as amended reads as follows:

"Upon an appeal being taken from any judgment or order of the superior court to the supreme court, or to a district court of appeal, in any criminal action or proceeding, where such an appeal is allowed by law, the defendant, or the district attorney when the people appeal, must within five days file with the clerk and present an application to the trial court stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time the appeal is wholly ineffectual and shall be deemed dismissed, and the judgment or order may be enforced as if no appeal had been taken. . . . "

There is no escape from the order of the court questioned in this proceeding. The section is plainly mandatory. Prior to its amendment it directed, as it does now, that the appellant should file with the clerk an application to the court, stating generally "the ground of the appeal, and the points upon which the appellant relies, and designate what portion of the phonographic reporter's notes it would be necessary to have transcribed" to fairly present the appeal; but it did not, as it does now, prescribe that "if such application is not filed within said time the appeal is wholly ineffectual and shall be deemed dismissed, and the judgment or order may be enforced as if no appeal had been taken." As this section stood originally it was deemed directory only; and,

as is too often the case where a law is thus regarded, it was "more honored in the breach than the observance," and invariably, whether necessary or not, the entire record was written up, resulting in a great and needless waste of public funds. One of the purposes of this amendment, if not the only purpose, was to remedy that evil. The history of the section, therefore, as well as its language, clearly indicates that it was intended to be mandatory. Another reason for so holding is that where a statute imposes a penalty for non-compliance with its directions—as does this one—it is as a rule to be regarded as imperative. (Lewis' Sutherland on Statutory Construction, 2d ed., sec. 610; Maxwell's Interpretation of Statutes, 4th ed., 554; *Corbett* v. *Bradley,* 7 Nev. 106; Endlich on Interpretation of Statutes, 607, 608, 616; Cran's Statute Law, 236; Black on Interpretation of Laws, 334; *McCrea* v. *Haraszthy,* 51 Cal. 150; *Perine* v. *Forbush,* 97 Cal. 308, [32 Pac. 226].)

In the last case it is pertinently said, "Where the statute attaches a consequence to the failure to perform the act within the time limited, the consequence can be avoided only by a compliance with the statute." Here the defendant was ignorant of the amendment, which went into effect on the day he took his appeal, the testimony was transcribed, and any expense to the county which an observance of the law would have saved has been already incurred; therefore, counsel for petitioner argues, the appeal should be allowed. If the defendant had done the things to perfect his appeal required by the law as it stood for two years prior to the amendment, he would not now be here complaining of the action of the trial court. He omitted to do those things; and as the amendment peremptorily requires them to be done we cannot, whatever the hardship of the case may be, afford him any relief. To place upon this statute a construction which would extricate the defendant from his difficulty would establish a precedent, and encourage further infringements of the law, and the mandatory effect thereof would be impaired, if not wholly destroyed. Summarized, the defendant's position amounts to a request to be excused on account of his ignorance of the law—which is, of course, no excuse. In neither a criminal nor civil cause, in any circumstances, can one justify his act by the naked showing that he did not know

of the existence of the law. *Ignorantia juris non excusat* is, therefore, a rule in our jurisprudence, as in the Roman, whence it is derived. (1 Bishop's New Criminal Law, sec. 294.) And when a statute takes effect, it is operative even in localities so remote as to render any knowledge of its existence impossible (Id., sec. 296). The reason of the rule was well stated in *Matthews* v. *Zane*, 7 Wheat. 179, [5 L. Ed. 425], where it is said: "It being practically impossible actually to notify every person in the community of the passage of a law, whatever day might be appointed for its taking effect, no general rule could be adopted less exceptionable. The general rule may, in some instances, produce hardship; but if ignorance of the law was admitted as an excuse, too wide a door would be left open for the breach of it."

For the foregoing reasons it is ordered that the petition be dismissed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1911.