[Civ. No. 2672. Second Appellate District.—June 25, 1918.]

## HARRIET H. PARAMORE et al., Respondents, v. HAYWARD COLBY, Appellant.

APPEAL—DEFAULT IN FILING BRIEF—MISTAKE AS TO APPELLATE COURT—RELIEF.—The district court of appeal will grant a motion for relief from default in filing an opening brief on appeal, where the motion is made under the provisions of section 473 of the Code of Civil Procedure upon the ground of mistake, inadvertence, and excusable neglect arising from the fact that in good faith appellant believed that the action was one in equity and the appeal was properly taken by him to the supreme court.

MOTION to dismiss appeal and counter-motion for relief from default in filing opening brief.

The facts are stated in the opinion of the court.

Victor T. Watkins, and Sims & Church, for Appellant.

Groff & Van Etten, for Respondents.

CONREY, P. J.—This case now comes before the court upon a motion of respondents for dismissal of the appeal, and a motion of appellant for an order permitting him to file his opening brief on appeal.

The defendant appealed to the supreme court from the judgment entered against him. The action was brought to recover from the defendant a certain sum less than two thousand dollars claimed as the balance due on a contract for the sale of land between the plaintiffs' testator as vendor and the defendant as vendee. If, as claimed by the defendant, the action is a suit in equity, his appeal was properly taken to the supreme court. If, as claimed by the plaintiffs, it is merely an action at law for money due on a contract, the appeal should have been taken to the second district court of appeal.

The transcript on appeal was filed in the supreme court February 19, 1918. Under rule II of the supreme court appellant's brief was due on the twenty-first day of March. On March 19th the supreme court made an order extending appellant's time for filing said brief to and including April 20th. On the eighth day of April the supreme court made its order transferring the cause to this court. Appellant's brief has not yet been filed, but on the twenty-second day of April it was tendered to the clerk of this court for filing, in accordance with appellant's motion, of which notice had been duly given.

The respondents claim that the appeal was wrongly taken to the supreme court; that therefore the supreme court was without jurisdiction to make the order extending time, but could only make an order transferring the case to this court, unless it (the supreme court) first made an order transferring the cause to the supreme court. These contentions are based upon the provisions of section 4 of article VI of the constitution. Whatever our opinion of these contentions may be, it is not necessary to make decision thereon, since at

all events we think that the appellant's motion for relief from his alleged default should be granted. That motion is made under the provisions of section 473 of the Code of Civil Procedure, upon the ground of mistake, inadvertence, and excusable neglect arising from the fact that in good faith appellant believed, and still believes, that the action is one in equity and that the appeal was properly taken to the supreme court. It is true that the supreme court has made its order transferring the cause to this court upon the stated ground that the case is not one within its jurisdiction. But the decision thus made *ex parte* by the supreme court should not be regarded as binding upon appellant except for the purpose of the transfer. An inspection of the pleadings as set forth in the transcript shows that the defense made by the defendant turns upon the question as to whether the action is in fact of an equitable nature. That is the very matter which will be discussed in the briefs, and upon that matter appellant should have a hearing.

Respondents' motion for dismissal of the appeal and for an order vacating said order extending time is denied. Appellant's motion for relief from default is granted and it is ordered that his brief be filed.

James, J., and Works, J., *pro tem.*, concurred.