[Crim. No. 666.   Third Appellate District.—January 30, 1923.]

## THE PEOPLE, Respondent, v. LAWRENCE MAHACH et al., Appellants.

[1] CRIMINAL LAW—APPEAL—COMPLIANCE WITH SECTION 1247, PENAL CODE—DELIVERY OF APPLICATION TO JUDGE.—Where defendants in a criminal prosecution, desiring to appeal from the judgment of conviction, comply with the requirements of section 1247 of the Penal Code in every particular except that they make the mistake of handing their application to the judge on the bench instead of the clerk sitting in front of him, their act should be deemed equivalent to an actual filing of said application, particularly where the fact that they desired and intended it to be filed must have been known to the district attorney, the clerk, and the judge of the court, all of whom were present at the time the application was presented.

[2] ID.—TECHNICAL NONCOMPLIANCE WITH STATUTE—JUSTIFIABLE SURPRISE—EXCUSABLE NEGLECT—RELIEF.—Conceding that there was a failure to comply technically with the requirements of section 1247 of the Penal Code, defendants' surprise upon learning that the application had not been handed to the clerk by the judge having been justifiable, and their neglect—if any—in not seeing that the statute was literally complied with having been excusable, the trial judge should have granted their application for relief under section 473 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Humboldt County denying an application for a transcript of the reporter's notes. Denver Sevier, Judge. Reversed.

The facts are stated in the opinion of the court.

T. H. Selvage and E. S. Selvage for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendants were convicted in the superior court of the county of Humboldt on September 1, 1922, of the crime of robbery. On September 5th judgment was pronounced sentencing them to the state prison. When arraigned for judgment they moved for a new trial, which motion was denied. Within two days thereafter they filed a "notice of appeal" with the clerk of said superior court. Within five days after said notice was filed T. H. Selvage, one of the attorneys for said defendants, presented in open court a written application for a transcript of the testimony in said cause, said application stating in general terms the grounds of the appeal and the points upon which the appellants relied and designating the portions of the phonographic reporter's notes necessary to have transcribed to fairly present the points relied upon. At the time this application was made there were present in court in the discharge of their duties in connection with said cause the judge, the county clerk or his deputy, the district attorney or his deputy, and the said attorney for defendants. Thereupon Mr. Selvage read aloud portions of said application and then inquired of the judge of the court whether it would be necessary to read all of it. Being advised that it was not necessary to do so, he then handed the same to the judge on the bench, in the presence of the other officers mentioned, for the purpose of having said judge inspect it so as to make said order requiring the transcription of said notes and for the further purpose of filing the same with the clerk. Said judge examined the document and retained it, as appellant's counsel believed, for the purpose of making said order and then handing both to said clerk. Subsequently, on September 13th, Mr. Selvage learned through the public press that no such order was made and that the judge did not hand the application to the clerk, who was sitting at his desk just in front of the judge, but that the latter retained it in his possession until more than five days had elapsed after said notice of appeal was filed. Thereupon Mr. Selvage presented a verified petition to the court praying that

such order be made, supporting it by his affidavit setting forth the facts which we have related above and, also:

"That because of the foregoing matters affiant was taken by surprise and that upon learning that the said application had not been handed to the clerk by said Judge, he at once took steps to have the order transcribing testimony properly made.

"That affiant believed and had reason to believe that the Judge· of said Court did at the time said application was handed to him by affiant, hand the same to the Clerk of the said Court, and that it was through affiant's mistake, inadvertence and excusable neglect that the said document was not placed in the hands of the clerk of said Court.

"Affiant refers to the application and points placed in the hands of the Judge of said Court and now in his possession and makes it a part of this affidavit.

"That affiant believes that the defendants have a good cause for appeal and that errors detrimental to defendants occurred at the trial of said cause in the ruling of the trial Judge and upon the introduction of testimony which said errors were sufficient to reverse said cause by the Appellate Court and remand the same for a new trial on the ground that they were prejudicial to the rights of defendants."

The matter came on regularly for hearing in open court and it was ordered "that said motion be and the same is hereby denied," from which order the appeal has been taken.

The particular statute governing such applications for the transcription of the reporter's notes is found in section 1247 of the Penal Code as follows:

"Upon an appeal being taken from any judgment or order of the Superior Court, to the Supreme Court or to a district court of appeal, in any criminal action or proceeding where such appeal is allowed by law, the defendant . . . must within five days, *file with the clerk and present an application to the trial court,* stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed and the

judgment or order may be enforced as if no appeal had been taken.

"The court shall within two days, after the filing of such application make an order directing the phonographic reporter who reported the case to transcribe such portion of his notes as in the opinion of the court may be necessary to fairly present the points relied upon by the appellant. If the court fails to make the order within two days after the application is filed, the notes requested in the application shall be transcribed without such order."

[1] It is not disputed that appellants complied with the requirements of said section in every particular except they made the mistake of handing the application to the judge on the bench instead of to the clerk, who sat in front of him. We think, however, that a just and reasonable interpretation and application of the statute lead to the conclusion that what was done should be deemed equivalent to an actual filing of said application. That appellants desired and intended it to be filed must have been known to the district attorney, the clerk, and the judge of the court, and the fact that it was presented in open court with all these officers present subserved the same purpose as though it had been formally filed with the clerk and then presented to the judge. The circumstances that it was not indorsed by the clerk is of no consequence, since the facts as to what occurred are not in dispute. (*O'Connor* v. *Board of Commrs.*, 17 Idaho, 346 [105 Pac. 560]; *Burkleo* v. *Town Board*, 108 Minn. 224 [120 N. W. 526, 121 N. W. 874].) The indorsement of the fact of filing is, indeed, only evidence that such filing has been made. (*Oats* v. *State*, 153 Ind. 436 [55 N. E. 226].)

We consider the situation quite different from that involved in the *Estate of Sbarboro*, 63 Cal. 5. Therein the petition in question was presented to the judge of the court at his private residence instead of being filed, as the statute required, with the clerk of the court. It was in view of such fact the supreme court said: "Presenting an unfiled petition to the judge of a court for the purpose of obtaining from him an order for a citation upon it is not filing it in court, nor the equivalent of filing it. It is no part of the duty of a judge to receive a petition in a cause for filing, or to file it, or to make an order for its filing,

or for issuing a citation upon it unless some law expressly
requires of him this performance of such a duty. There was
no law which required of the judge of the court in this case
performance of any one of those acts. The duty of filing
the petition, and issuing citation upon it, when filed, was
cast by law upon the clerk of the court. (Sec. 1328, Code
Civ. Proc.)''

In *Rhodes* v. *Sargent,* 17 Cal. App. 54 [118 Pac. 727],
the application utterly failed to comply with the require-
ments of said section 1247 of the Penal Code specifying
what the application should contain, and the district court
of appeal of the first district very properly held that said
section was mandatory, and that one of the important
purposes of said section as amended in 1911 (Stats. 1911,
p. 692) was to avoid the ''great and needless waste of pub-
lic funds which had occurred under the former practice.''
As we have stated, no objection has been or could be made
to the form of the application herein.

In *People* v. *Meason,* 20 Cal. App. 406 [129 Pac. 469],
it appears that no notice whatever was given as contemplated
by said section. The cause, however, appeared upon the
calendar of the appellate court and it was stated that the
court had examined the record in order ''that injustice
might not be done to the defendant by reason of the neglect
of her counsel and we find no prejudicial error therein.''
The judgment was therefore affirmed.

In *People* v. *Ali,* 38 Cal. App. 544 [176 Pac. 883], the last
case cited by respondent, we find, also, that no application
was made as required in said section 1247, and for that
reason the appeals were dismissed.

[2] But, if it should be deemed that there was a failure
to comply technically with the requirement of the statute as
to filing, we think the trial court should have relieved ap-
pellants from their default. In this connection it may be
stated that no controversy is raised as to the availability of
section 473 of the Code of Civil Procedure in cases like this.
It is likewise admitted that such applications for relief are
addressed to the sound discretion of the trial court. The
consideration is thus stated in *Jergins* v. *Schenck,* 162 Cal.
747 [124 Pac. 426]: ''The law governing this class of cases
is so well settled, and has been so often declared in the deci-
sions of this court, that we may dispense with the citation of

authority. An application to be relieved from a default under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court, and the action of that court will not be set aside on appeal unless an abuse of discretion clearly appears. Any doubt that may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. The appellate court will, therefore, be less inclined to reverse an order granting, than one refusing an application to open a default. Indeed, the cases in which this court has held that such relief was improperly granted are very rare, while in a number of instances an order refusing to open the default has been reversed.''

The great liberality which should be shown toward such applications when made in good faith is also enunciated and emphasized in *Paramore* v. *Colby*, 37 Cal. App. 648 [174 Pac. 677], *Borgmeyer* v. *Solomon*, 39 Cal. App. 106 [178 Pac. 544], *Banton* v. *Siller*, 121 Cal. 414 [53 Pac. 935], *Estate of Kealing*, 158 Cal. 109 [110 Pac. 109], and many other decisions.

Under the circumstances enumerated herein we feel satisfied that appellants' ''surprise'' was justifiable and their neglect—if any—was excusable. Out of courtesy, no doubt, to the presiding officer of the court, they presented the application to him that he might entirely satisfy himself that it was in proper form. They had a right to expect and believe that the judge, after reading it, would transmit it for filing to the clerk, who is the custodian of the record of the court. We must assume that the judge knew that the application should be so filed and that it was presented to him for the twofold purpose already stated. With that situation confronting him the judge would naturally be expected to pursue the course that appellants anticipated. It may be that there was no express legal obligation resting upon him to do so, but it was the obvious and right thing to do under the circumstances in furtherance of justice and to promote the rights of the parties. It cannot be supposed, of course, that the learned trial judge had any desire to take an advantage of the defendants or to lull them into fancied security and thereby deprive them of the benefit of an appeal. His retention of the document was probably the result of inadvertence and not of any purpose to disappoint

the expectation of counsel for appellants or to interpose a merely technical obstacle to the prosecution of the appeal. While the strict letter of the law might justify the affirmance of the order, we think it just to hold that the defendants should be permitted to have an appellate court review the record in the case.

The order is reversed with direction to the trial court to order the transcription of the reporter's notes as prayed for by appellants.

Hart, J., and Finch, P. J., concurred.