[Crim. No. 1096. First Appellate District, Division Two.—February 9, 1923.]

THE PEOPLE, Respondent, v. CLINTON SANDERS, Appellant.

[1] CRIMINAL LAW—APPEAL—DIMINUTION OF RECORD—TRANSCRIPTION OF PROCEEDINGS AT TRIAL.—On an appeal from an order revoking probation and from a final judgment of conviction, a motion for an order for the transcription of the portion of the record containing the charge to the jury and the entire proceedings at the trial must be denied under sections 1247 and 1247c of the Penal Code, where the statement of the grounds of appeal relate solely to the proceedings on the motion to revoke probation and the application for a transcript of the record specifies only proceedings in relation to that matter.

[2] ID.—GROUNDS OF APPEAL—FAILURE TO SPECIFY—EFFECT OF.—An appeal from a final judgment of conviction which fails to specify the grounds of such appeal is ineffectual.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Dismissed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli and Walter F. Lynch for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This matter comes before us upon a suggestion of diminution of record made by the appellant. The situation presented is this: the appellant was convicted of a felony. He was granted probation before being sentenced. Later, upon motion of the probation officer, and after a hearing before the trial judge, the probation was revoked and the defendant was then sentenced to be confined in the state penitentiary at San Quentin. Oral notice of appeal from the order revoking probation was given in open court and, later, and within the time allowed by law, written notice was given of an appeal from the final judg-

ment of conviction and from the order revoking probation. The grounds of appeal stated in this written notice were as follows: "1. Errors of the court in admitting in evidence testimony on the hearing of motion to revoke probation; 2. Proceedings on motion to revoke probation were unfounded in matter of law for the reason the defendant had no notice served upon him of the hearing thereof; 3. Probation was revoked in an extrajudicial proceeding not authorized by law, and was based upon hearsay testimony which was objected to at the hearing." The appellant then asked for a transcription of the reporter's notes of all proceedings on motion to revoke probation.

The suggestion for diminution of record made to this court prays for an order for the transcription of the portion of the record containing the charge to the jury and the entire proceedings at the trial of the defendant in the superior court which resulted in his conviction.

Section 1247 of the Penal Code provides: "Upon an appeal being taken from any judgment or order of the superior court . . . to the district court of appeal . . . the defendant . . . must, within five days, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portion of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed . . . "

[1] The above-quoted section of the Penal Code is mandatory. (*Rhodes* v. *Sargent*, 17 Cal. App. 54 [118 Pac. 727]; *People* v. *Ali*, 38 Cal. App. 544 [176 Pac. 883].) The appellant's statement of his grounds of appeal relates solely to the proceedings on motion to revoke probation and his application for a transcript of the record specifies only proceedings in relation to that matter. Section 1247c of the Penal Code provides that "no further transcript shall be ordered upon the suggestion of the appellant unless the application therefor was included in the original application made to the trial court."

It follows, necessarily, that the motion for diminution of record must be denied, and it is so ordered.

[2] It also appears that there has been no effectual appeal from the final judgment of conviction because of appellant's failure to specify in any way the grounds of such appeal.

The appeal from the final judgment is dismissed.

Nourse, J., and Sturtevant, J., concurred.