[Crim. No. 956. Second Appellate District, Division One.—April 25, 1923.]

THE PEOPLE, Respondent, v. ANNETTE FLAHERTY, Appellant.

[1] CRIMINAL LAW—APPEAL—APPLICATION UNDER SECTION 1247, PENAL CODE—STATEMENT OF GROUNDS.—An appeal in a criminal case is wholly ineffectual and must be dismissed where the application required to be filed under section 1247 of the Penal Code fails to state the grounds of appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. John W. Shenk, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

James Donovan for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CONREY, P. J.—In the court below the defendant was convicted of the crime of receiving stolen property—a felony. She gave notice of appeal from the judgment and from an order denying her motion for a new trial. A clerk's transcript and a reporter's transcript are on file in this court. The attorney-general moves for dismissal of the appeal upon the ground that the record does not show that an application stating the grounds of appeal was filed by the defendant as required by section 1247 of the Penal Code. It does appear in the clerk's transcript that on the same day when she gave her notice of appeal the defendant filed with the clerk a request that the court make an order directing the reporter "to make a transcript of the testimony taken at the trial of said cause, to be used on appeal," but did not state the grounds of appeal or the points on which appellant relies.

Several times it has been held that the provisions of said section 1247 are mandatory. The section itself declares that "if such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed and the judgment or order may be enforced as if no appeal had been taken." (*People* v. *Ali*, 38 Cal. App. 544 [176 Pac. 883].)

[1] Counsel for appellant argues that even though she is thus precluded from asking consideration of any points arising out of the proceedings at the trial, and which would only appear in a record of the reporter's notes, nevertheless her appeal should stand, for the reason that she desires to urge certain grounds of appeal based upon the record shown by the clerk's transcript or "judgment-roll." We appreciate the fact that in a case where the defendant desires

to appeal solely upon grounds which may be presented upon the record shown in the clerk's transcript, it would be a useless procedure to ask for a transcript of the reporter's notes. Nevertheless, the legislature has seen fit to declare that the appellant must place in the record a statement showing the grounds of his appeal and the points upon which he relies. He is not required to do that in the notice of appeal, but within five days after giving his notice of appeal he must make this statement. We must presume that there was deemed to be good reason for requiring such a statement to be made. It furnishes in the record a certain evidence of good faith and is to that extent a protection against frivolous appeals. In the absence of such statement of the grounds of appeal, not only would it become unnecessary to prepare a reporter's transcript, but the clerk would be excused from preparing and filing the clerk's transcript provided for by section 1246 of the Penal Code. We are compelled to conclude and decide that this appeal "is wholly ineffectual."

The appeal is dismissed.

Houser, J., and Curtis, J., concurred.