[Crim. No. 896.   Third Appellate District.—July 7, 1926.]

## THE PEOPLE, Respondent, v. SEYMOUR HILL, Appellant.

[1] CRIMINAL LAW — APPEAL — APPLICATION UNDER SECTION 1247, PENAL CODE—STATEMENT OF GROUNDS—DISMISSAL.—Where an application for a transcript under section 1247 of the Penal Code, upon an appeal from a judgment in a criminal case, fails to state the grounds of appeal, or the points upon which the appellant relies, the appeal will be dismissed.

(1) 17 C. J., p. 98, n. 82 New.

MOTION to dismiss an appeal from a judgment of the Superior Court of El Dorado County.   George W. Thompson, Judge.   Appeal dismissed.

The facts are stated in the opinion of the court.

Thomas Maul for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the offense of maintaining a common nuisance from August 26, 1924, to and including the eleventh day of July, 1925, at his hotel, "in that said defendant did then and there wilfully

---

1.  See 8 Cal. Jur. 524, 553.

and unlawfully sell, barter and keep for sale on the premises aforesaid intoxicating liquor for beverage purposes." He filed notice of appeal and application for a transcript of the reporter's notes in the following terms:

"To the clerk of the above entitled court: to Abe Darlington, District Attorney of the County of El Dorado.

"Notice is hereby given that the above named defendant intends to and does hereby appeal from the judgment, entered by the above entitled Court, upon the verdict of the Jury, which tried the above entitled Case, finding the said defendant guilty of the crime of Maintaining a Common nuisance.

"Said Appeal is taken from the order permitting the district (attorney) to amend the indictment, from the order of the Court overruling the demurrer of the defendant, from the verdict of the Jury and from every order, ruling and decision of the Court in each and every proceeding in the above entitled Case, and from the order of the Court, denying defendant's motion for a new trial.

"The Clerk of the above entitled Court is hereby instructed and requested to have a transcript of every proceeding had in such case, including the arraignment, pleading and trial of the above entitled case and all testimony taken at each and every proceeding including statements of counsel, statements and rulings of the Court and everything transpiring at each and every proceeding."

[1] The attorney-general has moved to dismiss the appeal on the ground that the application for a transcript does not state the grounds of the appeal or the points upon which the appellant relies. Section 1247 of the Penal Code provides that, upon taking an appeal, the appellant "must, within five days, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed and the judgment or order may be enforced as if no appeal had been taken." It is clear that no attempt was made in the application to state

the grounds of the appeal or the points upon which the appellant relies. It has been held uniformly that the provisions of section 1247 are mandatory and that failure to comply substantially therewith is fatal. (*People* v. *Flaherty*, 61 Cal. App. 775 [215 Pac. 699]; *People* v. *Sanders*, 60 Cal. App. 742 [214 Pac. 246]; *People* v. *Ali*, 38 Cal. App. 544 [176 Pac. 883]; *People* v. *Measor*, 20 Cal. App. 406 [129 Pac. 469]; *Rhodes* v. *Sargent*, 17 Cal. App. 54 [118 Pac. 727].)

The appeal is dismissed.

Needham, J., *pro tem.*, and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 2, 1926.