[Crim. No. 931.   Third Appellate District.—February 14, 1927.]

THE PEOPLE, Respondent, v. RALPH SHAW et al., Defendants; JOHN TROWBRIDGE, Appellant.

[1] CRIMINAL LAW—APPLICATION FOR TRANSCRIPT—INSUFFICIENCY OF —APPEAL—DISMISSAL—JURISDICTION.—The failure of an appellant in a criminal prosecution to state in his application for a transcript of the phonographic reporter's notes, as required by section 1247 of the Penal Code, the grounds of the appeal or the points

---

1.  See 8 Cal. Jur. 524.

upon which he relies, is fatal; and where such defect appears the appeal will be dismissed, even though the objection is not raised by the respondent, as the appellate court has no jurisdiction.

(1) 17 C. J., p. 157, n. 2, p. 191, n. 32.

APPEAL from an order of the Superior Court of Sacramento County denying a new trial. Charles O. Busick, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Fred J. Harris and M. F. Shelley for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The appellant was convicted of the crime of manslaughter and also of the offense of failing to stop and render assistance, after having run down and killed a boy riding on a bicycle, on one of the public highways of the county of Sacramento, state of California, on or about the ninth day of January, 1926. His appeal is prosecuted from an order denying a motion for a new trial.

On the twenty-fifth day of March, 1926, after an order denying defendant's motion for a new trial had been made and entered, the defendant filed a notice of appeal, which, omitting the title, is in the following words and figures:

"You and each of you will please take notice, and notice is hereby given you, that the appellant above named John Trowbridge appeals to the Third District Court of Appeal, in and for the State of California, from the Judgment of the above entitled Court made and entered on the 25th day of March, 1926, denying his motion for a new trial. That the said appeal will be and is taken on all the records, papers and files now or hereafter on file, relative to said action with the Clerk of the above entitled Court.

"Dated: March 25, 1926.

"Fʀᴇᴅ J. Hᴀʀʀɪs
"M. F. Sʜᴇʟʟᴇʏ
"Attorneys for Defendant."

On the same day appellant filed his application for a transcript of the phonographic reporter's notes, which application, omitting the title, is in the following words and figures:

"You and each of you will please take notice, and notice is hereby given you, that John Trowbridge the defendant and Appellant above named, having heretofore taken an appeal to the Third District Court of Appeal in and for the State of California, from the Judgment and order of the above entitled Court denying his motion for a new trial made and entered on the 25th day of March, 1926, demands a full and complete transcription of Phonographic and/or stenographic notes made of all the matters and things pertaining to the above entitled criminal matters and numbers in the above entitled Court, on the 18th, 19th and 22nd days of March, 1926, or any other dates.

"The same being necessary for appellant in order to prosecute and properly present his case before the Third District Court of Appeal, in and for the State of California.

"Dated: March 25, 1926.

"JOHN TROWBRIDGE,
"Defendant and Appellant."

The transcript was prepared and certified to this court, covering some 541 pages, and we are now asked to examine said transcript and determine therefrom whether or not the evidence was sufficient to justify the verdict in finding the defendant guilty of manslaughter. [1] This, however, would be of no avail to the appellant because we have, for reasons herein about to be stated, no jurisdiction to interfere with the order or judgment of the trial court. Section 1247 of the Penal Code provides: Upon the taking of an appeal, the appellant "must, within five days file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal is wholly ineffectual and shall be *deemed* dismissed, and the judgment or order may be enforced as if no appeal had been taken." This subdivision of section 1247 of the Penal Code has been construed by the district court of appeal a number of times and it has been uniformly held that a statement of the grounds upon which the appeal is based must be set forth in the application and that since the amendment to this section in 1911, such provision is mandatory. In the case of

*Rhodes* v. *Sargent,* 17 Cal. App. 54 [118 Pac. 727], this matter came before the court upon *mandamus* proceedings, an order having been made directing the judge of the trial court to show cause why he should not be required to certify to the correctness of the transcript prepared in that case. Upon the hearing it appeared that the grounds for the appeal were not stated and the court in that case held the language of the section mandatory and denied the application for the writ. In *People* v. *Ali,* 38 Cal. App. 544 [176 Pac. 883], the question of the failure of the appellant to comply with the subdivision of section 1247 which we have quoted was again before the court. The court there said: "The attorney-general objects to any consideration of these appeals for the reason that the record does not show that an application stating the grounds of appeal was filed by the defendant as required by section 1247 of the Penal Code. This objection was called to the attention of the defendant's attorney by the service upon him of respondent's brief more than a month prior to the submission of the case in this court. No suggestion has been made that the record is incomplete, and we therefor assume that appellant failed to comply with the requirements of said section 1247, by neglecting to file the application required by that section. The filing of such application is mandatory. The section itself declares that 'if such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed and the judgment or order may be enforced as if no appeal had been taken,' " citing authorities to the same effect. In the case of *People* v. *Sanders,* 60 Cal. App. 742 [214 Pac. 246], the proceeding was before the court upon a suggestion of diminution of record, and in considering such question the court, upon its own investigation of the record, discovered that the application for a transcript of the testimony failed to state the grounds of the appeal, or any of the points relied upon as made mandatory by the section and following which the cases which we have cited were referred to, and concluded its opinion as follows: "It also appears that there has been no effectual appeal from the final judgment of conviction because of appellant's failure to specify in any way the grounds of such appeal. The appeal from the final judgment is dismissed." In the case of *People* v. *Flaherty,* 61 Cal. App. 775 [215 Pac. 699], it is also held "an appeal

in a criminal case is wholly ineffectual and must be dismissed where the application required to be filed under section 1247 of the Penal Code fails to state the grounds of appeal.'' In *People* v. *Hill*, 78 Cal. App. 615 [248 Pac. 714], this court had before it a question identical with the one here being considered. The application in that case was no more wanting in jurisdictional requisites than is the case at bar. This court there said: ''It is clear that no attempt was made in the application to state the grounds of the appeal or the points upon which the appellant relies. It has been held uniformly that the provisions of section 1247 are mandatory and that failure to comply substantially therewith is fatal,'' citing the cases which we have heretofore referred to. An examination of the application in the case at bar shows that there was no attempt whatever made to set forth the grounds of the appeal nor is the application aided by anything contained in the notice of appeal. No motion was made to dismiss this appeal, nor has any suggestion been made by respondent that this court is without jurisdiction to consider the same, but this is fully answered by an excerpt taken from the case of *Bienenfield* v. *Fresno Milling Co.*, 82 Cal. 425 [22 Pac. 1113] : ''Not having jurisdiction of the appeal, we must dismiss it. The only embarrassment we experience in arriving at this determination is caused by the omission of respondent to raise the point. But we cannot proceed further in a case after discovering that we have no jurisdiction, whether the point is raised by counsel or not.'' In 2 California Jurisprudence, page 496, section 240, the rule applicable is thus stated: ''If the appellate court has no jurisdiction over the subject matter of the action, it will dismiss the appeal even though the point has not been raised by the respondent, since it is wholly without authority to proceed in such a case.'' In 7 Ruling Case Law, page 1043, section 75, it is said: ''A court will recognize want of jurisdiction over the subject matter even if no objection is made, and therefore whenever a want of jurisdiction is suggested, by the court's examination of the case or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction it is powerless to act in the case. As heretofore shown, the jurisdiction of a court over the subject matter of a cause of action must be conferred by law, and it cannot under any

circumstances be conferred on a court, as such, by the consent of the parties."

It follows from what has been said that the appeal in this case must be and the same is hereby dismissed.

Finch, P. J., and Hart, J., concurred.