[Crim. No. 1567. Second Appellate District, Division Two.—January 19, 1928.]

THE PEOPLE, Respondent, v. EDWARD McCLELLAN, Appellant.

Nelson & Burns for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

THOMPSON, J.—This is an appeal from a judgment of conviction of simple assault and from an order denying appellant's motion for a new trial. The respondent has made a motion to dismiss the appeal on the ground that appellant altogether failed to "present an application to the trial court stating in general terms the grounds of the appeal and the points upon which the appellant relies," as was required by section 1247 of the Penal Code on January 1, 1927, and thereafter until repealed, and which respondent claims is still required thereby by virtue of the saving clause which was made a part of section 1246 of the Penal Code, adopted at the same time that section 1247 was repealed. The appeal was taken subsequent to the repeal of section 1247. Section 1246 now reads as follows: "The record on appeal shall be made up and filed in such time and manner as shall be prescribed in rules to be promulgated by the Judicial Council. Until such rules are promulgated, the time and manner provided by statutes in force on January 1st, 1927, shall govern." No rules have been promulgated by the Judicial Council. The only fair construction of the concluding clause of section 1246 is that all those statutes which were in force on January 1, 1927, relating to the time and manner in which the record on appeal shall be made up and filed, are still in force and effect. The question then is: Does section 1247, as it existed on that date, relate to the time or manner of making up or filing the record on appeal? Like section 1246, as it formerly existed, which has been stated to have no concern

with the taking of appeals, but rather with methods whereby the appeals may be heard (*Garrett* v. *Superior Court,* 79 Cal. App. 273 [249 Pac. 871]), section 1247 opens with the words "upon an appeal being taken," indicating clearly that it related not to the taking of appeals. It is there said that the appellant shall file and present the application already mentioned which, in addition to containing a general statement of the grounds of appeal, shall "designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon." Undoubtedly this language relates to the time and manner of making up the record on appeal. This view is reinforced by the authority of *Rhodes* v. *Sargent,* 17 Cal. App. 54 [118 Pac. 727], where the court refused by writ of mandate to compel the trial judge to certify the transcript where, as here, the appellant had failed to file and present the application and designation required by the section.

Having concluded that section 1247 relates to the time and manner of making up and filing the record on appeal, we are compelled by a uniform line of authorities, including *People* v. *Flaherty,* 61 Cal. App. 775 [215 Pac. 699], *People* v. *Hill,* 78 Cal. App. 615 [248 Pac. 714], *People* v. *Shaw,* 81 Cal. App. 312 [253 Pac. 747]; *People* v. *May,* 81 Cal. App. 422 [253 Pac. 961], and *People* v. *Johnson,* 82 Cal. App. 201 [254 Pac. 1118], to dismiss the appeal.

Appeal dismissed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 19, 1928.

All the Justices present concurred.