[Crim. No. 1580.   Second Appellate District, Division Two.—February 16, 1928.]

THE PEOPLE, Respondent, v. W. E. PIERCE, Appellant.

C. W. Benshoof for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

THOMPSON, J.—This appeal is from a judgment of conviction of the unlawful possession of stills, coils, and apparatus used in the manufacture of intoxicating liquor, and from an order denying a motion for a new trial. The

respondent has made a motion to dismiss the appeal upon the ground that appellant failed to "present an application to the trial court stating in general terms the grounds of the appeal and the points upon which the appellant relies," as required by section 1247 of the Penal Code. It is there also said: "If such application is not filed within said time (five days from the time the appeal is taken) the appeal is wholly ineffectual and shall be deemed dismissed." We recently held that this section is applicable to appeals taken subsequent to the amendment (Stats. 1927, p. 1047) of section 1246 of the Penal Code and prior to the promulgation of rules by the Judicial Council governing the time and manner of preparing the record on appeal. (*People* v. *McClellan*, 88 Cal. App. 415 [263 Pac. 841].)

The appellant seeks to escape the force of the statutory provision that the appeal is wholly ineffectual and shall be deemed dismissed upon his failure to present the application by urging that the grounds upon which he relies are fully stated in his motion for a new trial to which reference is made in his notice of appeal. It is said in *People* v. *Flaherty*, 61 Cal. App. 775 [215 Pac. 699]: "Several times it has been held that the provisions of section 1247 are mandatory." Very much the same argument was made in that case as is made here, yet the court concluded that the appeal was "wholly ineffectual." We are of like opinion as to the present appeal. For further authorities to the same effect reference may be had to those cited in *People* v. *McClellan, supra.*

Counsel also relies upon a statement found in the case of *People* v. *McDougal*, 74 Cal. App. 666 [241 Pac. 598], as follows: "The attorney general moved to dismiss the appeal upon two grounds, the first of which was that the application required by section 1247 of the Penal Code had not been filed. The record did not at first contain this application, but it appears that it has since been filed, and has been added to the record on appeal, so that no further mention need be made of this point." This statement does not bear the construction put upon it by appellant, but means that the application has since been made a part of the record on appeal. This construction is borne out by an inspection of the record, which discloses the fact that the

application was filed in the trial court on the same day that the appeal was taken, but was not made a part of the record on appeal until some time after the transcripts were filed here and then by an amended clerk's transcript.

Appeal dismissed.

Works, P. J., and Craig, J., concurred.

A petition by.appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1928.

All the Justices concurred.