[Crim. No. 1452. First Appellate District, Division Two.—March 10, 1928.]

THE PEOPLE, Respondent, v. LOUIE PIETRI, Appellant.

W. E. Foley, William L. Southwell and Wm. J. Gloria for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was informed against by the district attorney for having the unlawful possession and control of a still in violation of the provisions of chapter 277 (page 497) of the Statutes of 1927. The defendant pleaded not guilty. A trial was had in the lower court before the court sitting with a jury. The jury returned a verdict of guilty. The defendant made a motion for a new trial, the motion was denied and the defendant has appealed.

The defendant filed a brief on appeal January 3, 1928. The plaintiff filed its brief on February 8, 1928. Therein it objected to a hearing and asked the court to dismiss the purported appeal because the record on appeal did not show that the provisions of section 1247 of the Penal Code has been complied with, and although for certain purposes said section was repealed, for other purposes it was continued in force as the law of the land (Stats. 1927, chap. 620, p. 1047), and applied to this action. On February 14, 1928, the defendant filed a reply brief but did not at that time suggest, and has not since suggested, a diminution of the record. In his brief he contends there is a conflict in the terms of the statute; the first section provides for the continuation of the provisions of section 1247 of the Penal Code and section 4 provides for the repeal thereof. He then contends that the latter section controls. (*People* v. *Dobbins,* 73 Cal. 257 [14 Pac. 860].) The authority is not in point. The statute should be read as an entirety. As so read it is a statute of repeal with a saving clause added thereto.

An examination of the record shows that the defendant did not file any document which even purports to be " . . . an application to the trial court stating in general terms the grounds of the appeal . . . " The purported appeal is therefore "wholly ineffectual and shall be

deemed dismissed . . . '' (Pen. Code, sec. 1247; *People* v. *Pierce*, 89 Cal. App. 290 [264 Pac. 519], and cases there cited.)

The appeal is dismissed.

Koford, P. J., and Nourse, J., concurred.