[Crim. No. 3140. In Bank.—June 27, 1929.]

THE PEOPLE, Respondent, v. J. F. BRYANT et al., Appellants.

Charles W. Ostrom, John Henderson Pelletier, A. G. Reily and Elliott H. Barrett for Appellants.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

THE COURT.—The defendants were convicted on January 27, 1929, in the superior court in and for the county of Los Angeles of the crime of obtaining money under false pretenses. On February 1, 1928, they filed their notice of appeal to the District Court of Appeal, but they failed to comply, technically, with section 1247 of the Penal Code, in that they did not file with the clerk and present an application to the trial court which stated in general terms the ground of appeal and the points upon which the appellants

rely. On January 31, 1928, the day when judgment was pronounced upon the verdict, appellants filed a written notice of appeal and also gave oral notice of appeal from the judgment and order denying their respective motions for new trials. On the following day they filed with the clerk of the court in which the proceedings were had the following notice and request, addressed to the clerk of said court:

"Please take notice that the defendants have appealed from the judgment heretofore rendered in the above-entitled action, and state that in order to properly prepare the appeal, it will be necessary for them to have a phonographic copy of the reporter's transcript, together with all the evidence taken upon the trial. and of proceedings had in the case relative to testimony taken before the court at the trial of said action and, as well, the clerk's transcript as required by the Penal Code of this state, including the indictment; a copy of the minutes of the trial; a copy of other minutes of the action, including the proceedings on motion and arrest of judgment and new trial; a copy of the written charges given by the court to the jury; a copy of the instructions requested by the defendants and refused by the court, and a copy of instructions requested by defendants and modified by the court, after given; also transcript of any oral charges; a copy of the judgment and any written or printed exhibits offered in evidence at the trial of the cause, and the defendants hereby request that an order of this court be made accordingly."

After the appellants had completed their record upon appeal, a motion was made by the attorney-general to dismiss the appeal, which motion was granted by the District Court of Appeal. On petition therefor, a hearing in this court was granted and the motion to dismiss is before us for determination.

The attorneys who prepared the papers on appeal evidently relied upon the act of the legislature (Stats. 1927, p. 1048), which practically repealed section 1247 of the Penal Code, but they also evidently overlooked the fact that by virtue of section 1246 of the Penal Code, also enacted in 1927, section 1247 remained in force and effect until such time as the Judicial Council had promulgated rules of procedure governing appeals in such cases, which had not been done at the time this appeal was taken.

This mistake is one which might be made readily and indeed the number of cases in which it has been made bears evidence of the fact that the form of the legislation conditionally repealing section 1247 of the Penal Code was in the nature of a trap to the unwary.

It is the policy of this court, of course, to hear appeals upon the merits and to avoid, if possible, all forfeiture of substantial rights upon technicalities.

In the instant case, there was a substantial compliance with section 1247, for it is not disputed that the record on appeal is sufficient in every respect, excepting the failure on the part of appellants to comply with those particular portions of section 1247 of the Penal Code which provide that the application filed with the clerk and presented to the trial court should contain a statement in general terms of the grounds of the appeal and the points upon which appellants rely.

This provision is for the benefit of the appellate court to aid it in deciding the points raised upon appeal, and no one else is prejudiced by the omission in this case. In other words, the appellants substantially complied with section 1247 of the Penal Code, and the defect worked no injury to anyone, but resulted merely in an extra burden being placed upon the appellate court. In view of these facts and the fact that the legislation conditionally repealing section 1247 of the Penal Code is in a form which may readily mislead, we are disposed to take the view that the appeal should be heard upon its merits.

The motion to dismiss the appeal is denied.

SEAWELL, J., Dissenting.—I dissent. This case was originally decided by this court January 15, 1929 (273 Pac. 795), and upon a rehearing granted, a majority of the court have joined in the above decision, which holds contrary to said original decision. Nothing said in the main opinion has caused me to depart from the views as set forth in said original decision and I, therefore, adopt so much of said decision as may be necessary to state the situation and the law applicable thereto:

"It is not disputed that the record on appeal is sufficient in every respect excepting the failure on the part of appellants to comply with those particular portions of section

1247, Penal Code, which we have indicated by symbols of emphasis and which provide that the appellant 'Must, within five days [upon appeal taken], file with the clerk and present an application to the trial court, *stating in general terms the grounds of the appeal and the points upon which the appellant relies and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon.* If such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed and the judgment or order may be enforced as if no appeal had been taken.'

"It is not contended by appellants that they complied with that portion of said statute which provides for the filing with the clerk and the presentation to the trial court of an application containing a statement of the grounds of appeal and the points upon which the appellants relied. It is appellants' contention that section 1247, Penal Code, was directly and unqualifiedly repealed by the legislature of 1927 and was not effective at the time the appellants attempted to perfect their appeal, to-wit, February 1, 1928. The attorney-general, on the other hand, contends that said section remained effective by virtue of the saving clause of section 1246, which by amendment was made a part of said section by the same act which also conditionally repealed said section 1247. Said amended section 1246 became effective in the latter part of July, 1927, and reads:

" 'The record on appeal shall be made up and filed in such time and manner as shall be prescribed in rules to be promulgated by the Judicial Council. Until such rules are promulgated, the time and manner provided by statutes in force on January 1, 1927, shall govern.'

"By article VI, section 1a, subdivision 5, of the Constitution, as amended, the Judicial Council may adopt or amend rules of practice and procedure for the several courts not inconsistent with laws that are in force. It is conceded that at the time the motion was made to dismiss the appeal the Judicial Council had not promulgated any rules on the subject.

"Sections 1246 and 1247, Penal Code, and successive sections amended conditionally or unqualifiedly repealed are *in pari materia* and have to do with the preparation and perfection or dismissals of appeals and were considered in

*one* act. There can be no doubt that it was the intention of the legislature to continue in force the rules of procedure then in effect until such times as said procedural rules should become supplanted by a system that would better harmonize with the new order of things which was assuming shape under the supervision and direction of the Judicial Council. In *People* v. *McClellan,* 88 Cal. App. 415 [263 Pac. 841], it was held that section 1247, Penal Code, relates to the time and manner of making up and filing the record on appeal and if not complied with the appeal would be subject to dismissal. There can be but little doubt that the legislature regarded the subject matter of said section as constituting a part of the procedure upon appeal, inasmuch as said section provided not only that 'if such application is not filed within said time, the appeal is wholly ineffectual,' but that it 'shall be *deemed dismissed.'* This language renders the act self-executing.

" 'The intent of the legislature and the object it had in mind must not be lost sight of in interpreting or giving effect to statutes and where apparent conflict or uncertainty exists in the several provisions of an act, or where several separate acts promotive of a general plan or system are not harmonious or congruous, it is the duty of courts to look to the purpose or intent of the legislature and give that construction to the various acts which the reason and sense of the situation manifestly demand. (23 Cal. Jur. 725.)

" 'The question whether a repeal of a prior statute, absolute in terms, can be limited in its operation and effect for any reason has frequently arisen; and the decisions of the courts have been uniform, that while the language of the repealing clause must be accepted as the expression of the will of the legislature, and effect given to it according to its terms unless it appears although the language of the appeal was general and unqualified that it was intended to be used in a qualified or limited sense; that whenever that intent is discovered effect must be given to it, as in the interpretation of other acts.' (Authorities cited.) . . .

" 'Statutes *in pari materia* relate to the same subject, the same person or thing, or the same class of persons or things, and are to be read together, for the reason that it is to be implied that a code of statutes relating to one subject is governed by the same spirit, and are intended to be har-

monious and consistent. They are to be taken together as if they were one in law, as one statute.' (Authorities cited.) (*Smith* v. *People,* 47 N. Y. 330, 338.)

"While section 4 of chapter 620 of the Statutes of 1927 (p. 1047) purports on its face to repeal, upon the effective date thereof, section 1247 of the Penal Code, yet, if in construing said chapter 620, as a whole, it can reasonably be said that the legislature intended such repealing clause to become effective only as of the time the Judicial Council might promulgate the rules contemplated by section one of said chapter 620, then this court may very properly disregard a literal interpretation of the repealing clause and give effect to the legislative intent. That the court should not literally construe an express repealing clause contained in a statute, but must, when ascertainable, give expression to the legislative intent as evidenced by other portions of the same or contemporaneous statutes, has long since been judicially determined. (*Smith* v. *People, supra; State* v. *Moorhouse,* 5 N. D. 406, 407–411 [67 N. W. 140]; *State* v. *Joyce,* 307 Mo. 49 [269 S. W. 623, 625]; *Golden Valley County* v. *Lundin,* 52 N. D. 420 [203 N. W. 317, 319]; *Hogg* v. *Board of Commrs.,* 57 Colo. 463 [141 Pac. 478, 480]; *Parshall* v. *State,* 62 Tex. Cr. 177 [138 S. W. 759, 764]; *Attorney-General* v. *Duncan,* 76 N. H. 11 [78 Atl. 925, 927]; *Indianapolis Union Ry. Co.* v. *Waddington,* 169 Ind. 448 [82 N. E. 1030, 1032].) The New York case above cited (*Smith* v. *People, supra*) appears to be a leading case upon the subject. The rule announced in the foregoing cases is again well stated in 26 Am. & Eng. Encyclopedia of Law (2d ed.) 720, section 5, as follows:

" 'A clause in a statute purporting to repeal other statutes is subject to the same rules of interpretation as other enactments, and the intent, if fairly expressed, must prevail over a mere literal interpretation clearly at variance with such intent. But even where the repealing statute is broad enough in its terms to embrace a particular earlier statute, yet if it is apparent that it is not the legislative intent to repeal such statute, a literal interpretation of the repealing act will not be adopted.'

"As was said in *State* v. *Moorhouse, supra,* the repealing clause must be construed 'in the light of the circumstances surrounding its enactment, and also in connection with other

statutes passed at the same time as part of the general scheme of legislation of which this repealing statute was only a subordinate feature.'

"While it may be true that the statement provided for in section 1247 of the Penal Code does not, in strictness, constitute a part of the record on appeal, its preparation and filing is a necessary step not only in the perfection of a criminal appeal but is essential to a proper presentation of the record on such appeal. (*Rhodes* v. *Sargent,* 17 Cal. App. 54, 57 [118 Pac. 727]; *People* v. *Fleming,* 166 Cal. 357, 375 [Ann. Cas. 1915B, 881, 136 Pac. 291].) This being so, it is apparent that the legislature intended the repeal of section 1247, *supra,* by section 4, chapter 620, Stats. 1927, to be suspended until the rules contemplated by section 1 of said chapter should be promulgated and adopted by the Judicial Council.

"Appellants did not file with the clerk and present the application to the court, stating in general terms the grounds of appeal, etc. Nor was it contained in any record on appeal. This being so, the appeal was ineffectual and was properly dismissed if the saving clause of section 1246 was valid and applied to section 1247. No case has been called to our attention by appellants which held that an adoption of rules of procedure by reference is not permissible.

"Acts and statutes which provide that a method of procedure in effect at a designated past period of time shall be continued in force are not uncommon and are generally accepted as being within the power of the legislature. The amendment of section 1246, Penal Code, and the repeal of section 1247, Penal Code, accomplished in the same act, gave notice as to the procedure that was in effect. If appellants were not informed of the adoption of rules by the Judicial Council in some approved method they could have safely relied upon the procedure as it formerly stood."

For the foregoing reasons I am constrained to dissent.

Waste, C. J., concurred.