## THE PEOPLE, Respondent, v. EUGENE DAVIS, Appellant.

J. C. C. Russell for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was convicted of the crime of grand theft and sentenced to serve the term prescribed by law in the state penitentiary at Folsom. He appealed from a judgment and order denying his motion for new trial but failed to file with the clerk and present to the trial court the application required under subdivision seven, rule II, of the Rules of the Judicial Council for Supreme and District Courts of Appeal, adopted June 1, 1928. Judgment was pronounced on defendant on October 28, 1929. An oral notice of appeal was given by him the same day, which was followed by a written notice of appeal on November 1, 1929. On the same day he filed a written request for a transcript.

The attorney-general has moved for a dismissal of the appeal because of appellant's failure to conform to the requirements of subdivision seven of said rule II, which

reads as follows: "Upon an appeal by the defendant from a judgment of conviction or from an order denying his motion for a new trial, or from an order made after judgment, or upon an appeal by the people from an order granting a new trial, or from an order setting aside an indictment, information or accusation, or from an order made after judgment, the appellant must, within five days after giving notice of appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal shall be dismissed; provided, that the appeal shall not be dismissed for any defect in the statement of such grounds or points which does not affect the substantial rights of the respondent. The court shall, within two days after the filing of such application make an order directing the phonographic reporter who reported the case to transcribe such portions of his notes as in the opinion of the court may be necessary to fairly and fully present the points relied upon by the appellant. If the court fails to make the order within two days after the application is filed, the notes requested in the application shall be transcribed without such order. The phonographic reporter shall, within twenty days after the filing of such application, file with the clerk an original transcription and three clearly legible copies of the portions of the notes so required to be transcribed, excluding therefrom all statements and opinions of the court not constituting rulings and all arguments of counsel, unless such statements, opinions or arguments were objected to or assigned as error or misconduct at the time they were made. Whenever such statements, opinions or arguments were made in response to any statement made by or on behalf of the defendant, such latter statement shall also be transcribed. Such transcript shall be typewritten on opaque paper and prepared in the matter and form required by section 2 of rule 7. Said reporter shall append to the original and to each copy an original affidavit that it is correct."

In the cases of *People* v. *McClellan,* 88 Cal. App. 415 [263 Pac. 841] , *People* v. *Pierce,* 89 Cal. App. 290 [264 Pac. 519], and *People* v. *Pietri,* 90 Cal. App. 69 [265 Pac. 508], the appeals were all dismissed because of the failure of the respective appellants to present applications to the trial court stating in general terms the grounds of appeal and the points upon which the appellants relied. In each of these cases petitions to have them heard in the Supreme Court, after judgment in the District Courts of Appeal, were denied.

In the case of *People* v. *Bryant,* 207 Cal. 450 [278 Pac. 1025], the Supreme Court held that an appeal taken subsequent to the repeal of section 1247 of the Penal Code, and before the adoption of the rules for the Supreme and District Courts of Appeal by the Judicial Council, should be heard on its merits because the legislation on the subject was of recent date and of such a character and in such form as might easily mislead members of the bar.

The case before us is easily distinguished from the case of *People* v. *Bryant.* The rules of the Judicial Council had been in force for seventeen months prior to the time of the filing the notice of appeal in this case. Further, in appellant's written request for a transcript, he twice referred to "rule two of Rules of the Supreme Court and District Courts of Appeal of the State of California," showing that he had knowledge of this rule. He should have had its requirements in mind in preparing his appeal.

Upon the circumstances of this case we feel it incumbent upon us to follow the mandate of the rule in question. The motion of the attorney-general is, therefore, granted and the appeal dismissed.

Sloane, P. J., and Barnard, J., concurred.