[Crim. No. 1911. Second Appellate District, Division Two.—March 13, 1930.]

THE PEOPLE, Respondent, v. THOMAS RIGA, Appellant.

Richard L. North for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CRAIG, J.— The application for transcript and statement of grounds of appeal was not filed by the appellant in this case within the time specified by rule II, section 7, and a motion is made on behalf of the People that his appeal be

dismissed, but it is to be observed that the present counsel of record for appellant did not become his counsel until long after this time had elapsed.

Upon an appeal by the defendant in a criminal case it is required that he file such application and statement within five days after giving notice of appeal, and that "if such application is not filed within said time, the appeal shall be dismissed."

In denying a motion to dismiss, upon rehearing, after a decision upholding an order of dismissal previously granted by the District Court of Appeal, the Supreme Court held that an appeal in all respects sufficient except for technical defects in form or substance, wherein the application had been filed in time, need not be dismissed. (*People* v. *Bryant,* 207 Cal. 450 [278 Pac. 1025].) The only reason there mentioned for relaxing the rule was that "appellants substantially complied with section 1247, Penal. Code, and the defect worked no injury to anyone"; that the legislation was then new and might have been misleading. In *People* v. *Davis,* 103 Cal. App. 318 [284 Pac. 516], relied upon by the People in the instant case, an appeal was dismissed for failure to file an application as required, it appearing that the rule had then been in operation for a period of seventeen months. Section 1247 of the Penal Code, which prior to its repeal was similar in effect to the rule in question, was repeatedly construed to be mandatory. (*People* v. *Flaherty,* 61 Cal. App. 775 [215 Pac. 699]; *People* v. *Hill,* 78 Cal. App. 615 [248 Pac. 714]; *People* v. *Shaw,* 81 Cal. App. 312 [253 Pac. 747].) Likewise, section 660 of the Code of Civil Procedure, providing that the power of a Superior Court to pass upon a motion for new trial within two months would automatically work a denial of the motion, was by this court deemed mandatory. It was there concluded that the power to consider such a motion was limited to the specified period of time, and that the last day would be excluded if it fell upon Sunday or upon a holiday. (*Holquin* v. *Allison,* 97 Cal. App. 126 [274 Pac. 1037].) Said section and the present rule are not in their language substantially unlike. By the former it is ordained: "The power of the court to pass upon a motion for a new trial shall expire *within* two months . . . If such motion is not determined *within* said two months, the

effect shall be a denial of the motion without further order of the court." Section 7 of rule II (204 Cal., p. xliii), provides that *"within* five days after giving notice of the appeal," such application must be filed, and that "if such application is not filed *within* said time, the appeal shall be dismissed." In construing the limitation of time within which to consider a motion for new trial, it was said in *Bidwell* v. *Sonoma County Trans. Co.,* 39 Cal. App. 330 [178 Pac. 722], wherein a hearing by the Supreme Court was denied:

"Without adverting to the evident intent of the legislature . . . , section 660 is specific as to the time within which the court may pass upon a motion for a new trial, and in the most positive terms confines the power of the court to perform that particular act to the period named, and going even further, provides that failing action by the court within said time the motion is automatically deemed denied."

Whether a duty of one of the parties be to initiate proceedings preliminary to appeal, or to bring them before the court for consideration, we think the specification of a definite time in positive terms within which he must act is mandatory and leaves no room for its performance at a later date. Enactments directing that for a failure to observe their plain and certain mandates, a proceeding in the one case shall be dismissed, and in the other that it shall be deemed at an end, are not in this respect capable of differentiation. We think the rule before us is unambiguous.

The appeal is dismissed.

Works, P. J., and Thompson (Ira F.), J., concurred.