[Crim. No. 118. Fourth Appellate District.—May 13, 1931.]

THE PEOPLE, Respondent, v. ARTHUR NICHOLS, Appellant.

Arthur Nichols, *in pro. per.*, for Appellant.

U. S. Webb., Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The appellant was convicted of the crime of forgery, having previously admitted two prior convictions, and was sentenced to imprisonment in the state prison at Folsom. ██ The minutes of the court show that immediately after judgment was pronounced, the following occurred:

"Defendant, through his counsel, gave notice of appeal from the judgment of the Court to the Appellate Court of the State of California, Fourth District thereof, and the

Court ordered that the necessary transcripts on appeal be prepared.''

The clerk's transcript and the reporter's transcript were both filed in this court. A motion to dismiss the appeal was made by the attorney-general on the ground that section 7 of rule II of the rules of the Supreme Court and the District Courts of Appeal has not been complied with, in that no application was presented to the trial court within five days after giving notice of the appeal, stating in general terms the ground of the appeal and the points upon which the appellant relies, and designating what portions of the phonographic reporter's notes it would be necessary to have transcribed to fairly present the points relied upon. The transcripts disclose that no such application or statement were filed within five days after giving notice of the appeal, or at all.

Appellant offers two reasons why the appeal should not be dismissed. He first urges that leniency should be extended under the authority of *People* v. *Mahach,* 60 Cal. App. 635 [213 Pac. 539]. In that case, the appellant had fully complied with this requirement in all respects, except that the application and statement were inadvertently handed to the trial judge, instead of to the clerk. This was held to have been a sufficient compliance with the rule. Appellant also urges that this motion to dismiss the appeal may not be considered for the reason that no certificate of the clerk has here been presented, in accordance with rule VI, section 1, of the rules governing procedure in the Supreme Court and the District Courts of Appeal. That section has no application to the motion before us.

It appears from the transcripts before us, that no application and statement were filed as required by section 7 of rule II. It has been fully decided that compliance with this rule is mandatory, and that when it appears that the rule has not been complied with, the appellate court has no jurisdiction to consider the appeal (*People* v. *Shaw,* 81 Cal. App. 312 [253 Pac. 747]; *People* v. *McClellan,* 88 Cal. App. 415 [263 Pac. 841]; *People* v. *Pierce,* 89 Cal. App. 290 [264 Pac. 519]; *People* v. *Pietri,* 90 Cal. App. 69 [265 Pac. 508]; *People* v. *Davis,* 103 Cal. App. 318 [284 Pac. 516]; *People* v. *Riga,* 104 Cal. App. 477 [285 Pac. 1069]; *People* v. *Schroeder,* 112 Cal. App. 550 [297 Pac. 105]).

The motion to dismiss the appeal is granted, and the appeal is dismissed.

Marks, J., and Jennings, J., concurred.