[Crim. No. 3445. In Bank.—August 17, 1931.]

THE PEOPLE, Respondent, v. ODELL MALONE and MORRIS BROWN, Appellants.

Rowen Irwin and W. C. Dorris for Appellants.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Ray Bailey, District Attorney, and Thomas Scott, Jr., Assistant District Attorney, for Respondent.

WASTE, C. J.—Following their conviction in the superior court upon charges of the commission of a felony, the defendants Malone and Brown appealed to the District Court of Appeal. The attorney-general moved to dismiss the appeal on the ground that it was not perfected as required by section 7, rule II, Rules for the Supreme Court and District Courts of Appeal, which requires that an appellant "must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon". The rule further provides: "If such application is not filed within said time, *the appeal shall be dis-missed* . . . " (Italics ours.)

In the case of these defendants, the judgment was entered in the superior court, and notice of appeal orally given on July 15, 1930. The five-day limitation fixed by the rule, *supra,* expired with Sunday, July 20th, unless the fact that the fifth day was a holiday excluded it from the calculation. (Civ. Code, secs. 10 and 11; Code Civ. Proc., secs. 12 and 13; Pol. Code, secs. 12 and 13.) The District Court of Appeal of the Fourth District took the view that the code sections, *supra,* apply, and refused to dismiss the appeal. We are satisfied with the decision of that court, per Mr. Justice *pro tem.* Lamberson, concurred in by Mr. Presiding Justice Barnard and Mr. Justice Jennings, and adopt the following portion as the opinion of this court:

"This court will take judicial notice of the fact that July 20, 1930, the fifth day after the giving of notice of appeal, fell on Sunday.

"The provisions of the rule of the Judicial Council above cited follow substantially the language theretofore used in section 1247 of the Penal Code prior to its repeal in 1927 (Stats. 1927, p. 1048), and are to be interpreted in the same manner. The provisions of that section and of the rule of the Judicial Council have been held to be mandatory in effect. (*People* v. *Riga,* 104 Cal. App. 477 [285 Pac. 1069]; *People* v. *Shaw,* 81 Cal. App. 312 [253 Pac. 747].) In the latter case it was held that even though the objection

is not raised by the respondent, the court would have no jurisdiction to proceed if it should appear to the court that the appellant has failed to comply with the provisions of section 1247 of the Penal Code.

■ "In none of the cases, however, do we find that the question which has arisen here was before the court.

"Section 12 of the Political Code provides as follows: 'The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded.'

"Section 13 of the Political Code provides: 'Whenever any act of a secular nature, other than a work ·of necessity or mercy, is appointed by law, or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed.'

"Like provisions are also contained in the Civil Code and Code of Civil Procedure and section 4480 of the Political Code says that 'with relation to each other the provisions of the four codes must be construed . . . as though all such codes had been passed at the same moment of time, and were parts of the same statute'.

"An examination of the California cases discloses that generally speaking when the last day of performance of an act provided by law falls on a Sunday or a holiday, that day is excluded in the computation of time and the act may be performed on the next succeeding day. It has been so applied in the case of service of notice of appeal (*Estate of Rose*, 63 Cal. 346), in the case of filing an undertaking on appeal (*Robinson* v. *Templar Lodge, etc.*, 114 Cal. 41 [45 Pac. 998]; *Rauer's Law etc. Co.* v. *Standley*, 3 Cal. App. 44 [84 Pac. 214]), to the service or presentation of a bill of exceptions (*Derr* v. *Busick*, 63 Cal. App. 134 [218 Pac. 280]), to the filing of points and authorities upon appeal (*Troy etc. Co., Ltd.,* v. *Drivers etc. Co.*, 13 Cal. App. 115 [109 Pac. 36]), to an application for relief from ·a judgment made under section 473 of the Code of Civil Procedure (*Bell* v. *Krauss*, 169 Cal. 387 [146 Pac. 874]), and to the time for commencing an action to foreclose a mechanic's lien (*Mox* v. *Leventhal*, 89 Cal. App. 253 [264 Pac. 562]).

"Those of the above cases which relate to the perfecting of appeals are peculiarly applicable to the condition under consideration, because they cover similar situations; although they are civil and not criminal cases.

"In the case of *People* v. *Preciado,* 31 Cal. App. 519 [160 Pac. 1090], it was said, quoting from *Estate of Nelson,* 128 Cal. 242 [60 Pac. 772] : ' "The right of appeal is conferred by the Constitution, and statutes and rules of procedure for its exercise are to be liberally construed. We are not disposed to dismiss an appeal upon grounds that are purely technical where there has been no violation or disregard of an express rule of procedure." '

"In the case of *People* v. *Bryant,* 207 Cal. 450 [278 Pac. 1025], involving a motion for dismissal of a criminal appeal under section 1247 of the Penal Code, the court said: 'It is the policy of this court, of course, to hear appeals upon the merits and to avoid, if possible, all forfeiture of substantial rights upon technicalities.'

"The outstanding exception to the general rule hereinbefore stated is found in the interpretation by the courts of that part of section 660 of the Code of Civil Procedure, which provides in substance that the power of the court to pass upon a motion for a new trial shall expire within two months after the verdict of the jury or service on the moving party of notice of the entry of the judgment, and that if such motion is not determined within said two months the effect shall be a denial of the motion, without further order of the court. This provision constitutes a limitation upon the power of the court and is to be distinguished from the rules governing the procedure to be followed by the parties to the action. No particular stress is to be laid upon the use of the word 'within', because an examination of the cases hereinbefore cited, particularly those relating to the service of notice of appeal and the filing of an undertaking on appeal, discloses that the word 'within' was used in the sections of the Code of Civil Procedure under consideration. Section 939 of the Code of Civil Procedure provides that 'an appeal may be taken from any judgment or order of a superior court . . . within sixty days from the entry of said judgment or order'. Section 940 of the Code of Civil Procedure formerly provided in part as follows: 'The order of service is immaterial, but the appeal is ineffectual for any

purpose, unless within five days after service of the notice of appeal, an undertaking be filed, . . . '

"We are of the opinion that the provisions of the Political Code hereinbefore cited· are applicable to the filing of the notice and application prescribed by section 7 of rule II of the rules of the Judicial Council, that each of the appellants acted in substantial compliance with said rule, and that the motion to dismiss the appeal should be denied."

In so far as there is anything in *People* v. *Riga, supra,* contrary to the holding here, the holding in that case must give way to the decision in the present case.

The motion of the attorney-general to dismiss the appeal is denied, and the cause is retransferred to the District Court of Appeal of the Fourth Appellate District for consideration of the questions raised by the appeal.

Shenk, J., Langdon, J., Preston, J., Curtis, J., and Seawell, J., concurred.