[Crim. No. 87. Fourth Appellate District.—June 16, 1933.]

## THE PEOPLE, Respondent, v. FRANK FOSTER, Appellant.

Thomas J. Dunnigan and Wm. M. Raines for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone for Respondent.

BARNARD, P. J.—This is a motion by respondent to dismiss the appeal on the ground that the appellant has failed to conform to the requirements of subdivision 7 of Rule II of the rules established by the Judicial Council for the Supreme Court and District Courts of Appeal, in that an application stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designating what portion of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon, was not made within five days of giving notice of appeal or at all.

It appears that the appellant was convicted by a jury of the crime of robbery and judgment was pronounced on March 31, 1933. On April 3, 1933, the appellant filed a written notice of appeal and on the same day filed a request

for a transcription of the phonographic reporter's notes. The record before us fails to disclose any application or statement containing the grounds of the appeal and the points upon which the appellant relies, or any designation of the portion of the phonographic reporter's notes necessary to be transcribed in order to fairly present the points relied upon.

The appellant relies upon the case of *People* v. *Bryant,* 207 Cal. 450 [278 Pac. 1025]. That case related to an appeal taken after section 1247 of the Penal Code had been repealed and before the Judicial Council had promulgated the rules of procedure which, in effect, replaced that section. The opinion in that case pointed out that section 1246 of the Penal Code continued the provisions of section 1247 in effect until such time as such rules were adopted by the Judicial Council, and stated that the form of the then recent legislation was such as might easily mislead an appellant.

Prior to the decision of the case referred to, appeals had frequently been dismissed for failure to comply with those provisions of section 1247 of the Penal Code which were similar in effect to the provisions of the rule here under consideration. After the promulgation of the rules of the Judicial Council containing the rule here in question, a compliance with the same has in many cases, only a few of which need here be cited, been held essential. (*People* v. *Davis,* 103 Cal. App. 318 [284 Pac. 516]; *People* v. *Riga,* 104 Cal. App. 477 [285 Pac. 1069]; *People* v. *Martin,* 127 Cal. App. 93 [15 Pac. (2d) 202].) No particular difficulties are involved in complying with this rule now long established, and no reason appears why the rule should now be changed or modified by judicial decision.

The appeal is dismissed.

Marks, J., and Jennings, J., concurred.