[S. F. No. 14889. In Bank.—December 12, 1933.]

JOHN HENRY HARTMAN, Appellant, v. CITY NATIONAL BANK OF SAN FRANCISCO (a Corporation) et al., Defendants; FREDERICK VINCENT & CO. (a Copartnership) et al., Respondents.

Edwin H. Williams for Appellant.

Richard M. Lyman, Jr., and Howard C. Ellis for Respondents.

PRESTON, J.—This plaintiff sought to rescind a transaction whereby he was induced, through the false and fraudulent representations of defendant Sam Schweitzer, to ex-

change valuable bonds for stock of such small comparative value as to mark the transaction on its face with probable taint of fraud. The action may be treated as one counting upon fraud and deceit. The court rendered judgment against said Schweitzer and in favor of plaintiff for the sum of $2,320.42, but gave judgment in favor of the other defendants. Plaintiff has appealed from that portion of said judgment which is in favor of defendant Frederick Vincent & Co., and the individual defendants composing that copartnership, to wit: Frederick Vincent & Co., a copartnership composed of Frederick Vincent and George Stratton, and Frederick Vincent and George Stratton, individually, hereinafter styled the respondents.

That the agent Schweitzer was guilty of making fraudulent representations to plaintiff, which induced the transaction, is not disputed, and the agent has not appealed. At the argument of the cause respondents conceded the necessity of a reversal of the judgment exonerating them and they have filed no reply brief. Their contention, however, is that the reversal should be an open one and not a reversal with directions to enter a judgment against them. But the record leaves us in no doubt as to the soundness of appellant's contention that, under undisputed evidence as well as the findings, he should have had judgment also against said respondents. The facts material to this discussion, as established by the evidence and found by the court, are as follows:.

Defendants Vincent and Stratton, composing said Vincent Company copartnership, and defendant Sherman, were all directors of each of the defendant corporations City National Bank of San Francisco, City National Corporation and Merchants Ice & Cold Storage Company. Defendant Schweitzer was a duly licensed agent and salesman for the Vincent Company, selling and dealing in securities. He was also licensed to act as agent and salesman for City National Corporation. In his dealings with plaintiff, he introduced himself as a representative of City National Bank of San Francisco. It was stock of this bank which plaintiff accepted for his bonds. Following oral negotiations with plaintiff, defendant Schweitzer undertook to prepare written agreements for consummation of the exchange. In so doing he filled in with the necessary data blank printed forms of the City National

Corporation and executed them by signing under the printed words "City National Corporation by" his name "S. Schweitzer". Plaintiff also executed these agreements. But, as a matter of fact, City National Corporation was never a party to the transaction.

The agent Schweitzer delivered to his principal, Vincent & Company, the bonds secured from plaintiff and the said agreements, whereupon that company, without the knowledge or consent of plaintiff, changed the agreements by crossing out, wherever it appeared, the printed name of "City National Corporation" and stamping over it the name "Frederic Vincent & Co.". Said company retained possession of the bonds as owner thereof and exercised complete dominion over them. The stock delivered to plaintiff in consideration of these bonds was the property of said company. Furthermore, it paid to Schweitzer $750 for his commission on the deal. Thus the company ratified the acts of its agent, paid him his commission and, with knowledge of said gross discrepancy in the value of the securities exchanged, it retained the benefits of the transaction. How, then, can it seek to evade responsibility for fraud of the agent? And how can it avoid the consequences of its own act in materially altering the said written instruments to insert thereon its own name as a principal in the transaction? Under these plain facts it requires no citation of authority to demonstrate that this company, as well as its agent, is charged with liability for the said fraud.

That portion of the judgment appealed from is reversed and the cause as to respondents is remanded, with directions to enter judgment in favor of the plaintiff and against said respondents, Frederick Vincent & Co., a copartnership composed of Frederick Vincent and George Stratton, and Frederick Vincent and George Stratton, individually, for the sum of two thousand three hundred twenty and 42/100 dollars ($2,320.42) and costs of suit.

Curtis, J., Waste, C. J., Langdon, J., Shenk, J., Seawell, J., and Thompson, J., concurred.