[L. A. No. 14291. In Bank.—December 20, 1933.]

ROSE B. REYBURN, Respondent, v. ADAH HUNT YOUNG et al., Appellants.

H. E. Gleason for Appellants.

Barry Sullivan for Respondent.

WASTE, C. J.—This is a motion to dismiss. The notice of appeal herein was filed March 7, 1933, sixty-one days after the entry of judgment. We cannot agree with respondent that the notice was filed one day late.

On March 1, 1933, and because of conditions now well known, the Governor of this state proclaimed March 2, 3 and 4, 1933, to be public holidays, the proclamation reading: "Said days to be recognized, classed and treated and to have the same effect as other legal holidays under the laws of this state." On March 4, 1933, the Governor issued a second proclamation continuing said general holidays up to and including March 6, 1933, and declaring March 7th and 8th to be special holidays.

Inasmuch as the last day for the filing of the notice of appeal herein fell on March 6, 1933, one of the general holidays proclaimed by the Governor, the time for such filing was thereby extended one day under and by virtue of the provisions of section 12 of the Political Code, which section reads: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, *unless the last day is a holiday, and then it is also excluded.*" Sections 10 and 12 of the Civil Code and Code of Civil Procedure, respectively, are to the same effect. That March 6, 1933, one of the general holidays proclaimed by the Governor, and the sixtieth day after the entry of the judgment herein, was a "holiday" within the meaning of these code sections, is very definitely indicated by the amendment of section 10 of the Political Code, effective March 6, 1933 (Stats. 1933, ch. 28), which

section now provides that "Holidays within the meaning of this code are every Sunday, . . . and every day appointed . . . by the governor of this state for a public fast, thanksgiving or general or special holiday, except that on any day appointed by the governor as a special holiday all public offices and courts . . . shall be open for transaction of business as on days which are not holidays." It necessarily follows that the appeal herein was prosecuted within time. (*Estate of Rose*, 63 Cal. 346; *People* v. *Malone*, 213 Cal. 406, 408 [2 Pac. (2d) 332]; 2 Cal. Jur. 398, sec. 166.) In substance, the statutory time within which the appeal might have been taken was extended by section 12 of the Political Code already quoted.

The appeal is taken in the name of Adah Hunt Young, Adah Hunt Young, as special administratrix of the estate of Joseph Stuart Reyburn, deceased, and Adah Hunt Young, as guardian of the person and estate of Edna Reyburn. Respondent now urges that at the time of filing the notice of appeal Adah Hunt Young had been divested of her authority as special administratrix by the issuing to her of general letters of administration in the estate of the above-named decedent. The point is technical and without substantial merit. Any irregularity in this particular may readily and properly be cured by an order of substitution.

The motion to dismiss is denied.

Shenk, J., Seawell, J., Thompson, J., Curtis, J., Langdon, J., and Preston, J., concurred.