[Crim. No. 2550.   Second Appellate District, Division Two.—June 28, 1935.]

THE PEOPLE, Respondent, v. PEDRO GONZALES, Appellant.

Henry C. Huntington, Jerry Giesler and Anna Zacsek for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

STEPHENS, J.—▪ Motion to dismiss appeal on the ground that the transcript contains no statement of the

grounds of appeal or the points upon which appellant relies, as required by section 7, rule II, of the Rules for the Supreme Court and District Courts of Appeal of the state of California.

No further statement of fact need be made, as the matter is fully set out in *Gonzales* v. *Superior Court*, 3 Cal. (2d) 260 [44 Pac. (2d) 320], which opinion followed a hearing after our decision in this same cause. Since such decision the appellant has presented the point that the Judicial Council is without jurisdiction to deprive this court of discretion vested in it to hear and determine the appeal on its merits. We are sympathetic with the idea that the right of review should not be denied one convicted of a serious offense through the negligence of an attorney, or through employees of an attorney, unless such action is necessary. In the instant case the grounds of appeal and appellant's points are tendered, and we would accept them and proceed to a disposal of the appeal upon its merits if we felt ourselves free to do so. The granting of the very same kind of motion has, however, been held mandatory upon appellate courts in *People* v. *McClellan,* 88 Cal. App. 415 [263 Pac. 841], and *People* v. *Pierce,* 89 Cal. App. 290 [264 Pac. 519]. They have been followed in other cases and the Supreme Court has refused petitions for hearing. It may be that the point here raised has not been as specifically raised in the other cases as here, although it is a necessary element in all such cases. In the circumstances we feel that nothing short of practical certainty that constitutional requirements have been abridged should move us to depart from the rule of decision so established. We do not hesitate to say that we would welcome a departure from the harsh rule, but it should come, if it should come at all, from the Supreme Court.

The appeal is dismissed.

Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal was denied by the Supreme Court on July 25, 1935.

Langdon, J., voted for a hearing.