[L. A. No. 15853.   In Bank.—December 28, 1936.]

THE PEOPLE, Petitioner, v. THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Ray L. Chesebro, City Attorney, Newton J. Kendall, Assistant City Attorney, and John L. Bland and Ned Marr, Deputies City Attorney, for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, Don S. Irwin and Richard A. Terrell for Respondents.

THE COURT.—The petitioner seeks by this proceeding to prohibit the respondent appellate department from entertaining a certain appeal pending before it.

Golden State Motors and one Oliver Pezel were convicted in the municipal court of the city of Los Angeles of a violation of section 654a of the Penal Code. Within due time and on February 1, 1936, they filed a written notice of appeal from the judgment of conviction. On February 5, 1936, they served and filed the reporter's transcript on appeal which was "settled" as the statement on appeal by the judge of the municipal court on February 13, 1936. No other statement was filed or served by the appealing defendants. Subsequently the People filed in the respondent court a motion to dismiss the appeal on the ground that the defendants had not served and filed any statement setting forth the grounds upon which they intended to rely upon the appeal from the judgment. The motion was

denied and upon the filing of the petition herein an alternative writ of prohibition was issued.

It is contended that because the transcript so filed did not contain a statement of the grounds of the appeal, and no such separate statement was filed, the effect is as though no appeal had been taken, the respondent court has no jurisdiction to hear the appeal on the merits, and its only function is to dismiss the appeal. The petitioner places reliance on the provisions of section 1468 of the Penal Code and the cases construing and applying that section or similar provisions.

Prior to July, 1935, and on January 1, 1935, section 1468 of the Penal Code provided that appeals to the superior court should be heard upon a statement of the case settled by the judge of the trial court. It required that the statement contain the grounds upon which the party intends to rely upon the appeal, and so much of the evidence as may be necessary to explain the grounds. The statement was required to be filed and a copy served within five days after filing the notice of appeal. Opportunity was given the adverse party to file amendments, and provision was made for settlement of the statement by the court within a prescribed time. The section concluded with the following: "If no statement is filed and served as herein provided the appeal is ineffectual for any purpose, and shall be deemed dismissed, and the judgment or order appealed from shall be enforced as if no appeal had been taken."

In July, 1935, section 1468 of the Penal Code was reenacted to provide as follows: "Appeals to the superior courts shall be heard and determined, the decisions thereon shall be remitted to the inferior courts, and the records on such appeals shall be made up and filed in such time and manner as shall be prescribed in rules to be promulgated by the Judicial Council. Until such rules are promulgated, the time and the manner provided by statute in force on January 1, 1935, shall govern."

The rules adopted by the Judicial Council for the conduct of appeals to the superior court became effective on July 1, 1936. Those rules contain requirements for the filing of a statement, or a statement and transcript, within the same limited period after the filing of the notice of appeal. Rule 8 provides that failure to file the statement within the time

prescribed shall require the appeal to be deemed abandoned, with power in the trial court to terminate the proceedings and proceed to execution of its judgment.

The problem here is to determine what were the requirements of the statute and the effect of noncompliance therewith in the interval between the reenactment of section 1468 of the Penal Code and the effective date of the rules adopted by the Judicial Council.

■ It is true that as the section read prior to its reenactment compliance therewith within the time limited was mandatory in order to perfect the appeal and vest jurisdiction to hear and determine the appeal in the appellate court. (*Gonzales* v. *Superior Court*, 3 Cal. (2d) 260 [44 Pac. (2d) 320]; *People* v. *Lewis*, 219 Cal. 510 [31 Pac. (2d) 357]; *Keaton* v. *Municipal Court*, 209 Cal. 52, 54 [285 Pac. 696]; *Kazama* v. *Municipal Court*, 10 Cal. App. (2d) 484 [52 Pac. (2d) 489]; *People* v. *Robles*, 140 Cal. App. 683 [35 Pac. (2d) 1035]; *People* v. *Bowden*, 139 Cal. App. 318 [33 Pac. (2d) 842]; *People* v. *Nichols*, 114 Cal. App. 136 [299 Pac. 752].) The respondents contend, however, that the section as reenacted did not embrace the entire provisions of the statute in force on January 1, 1935; that the legislature having revised the section as a whole, and having expressly continued in force the prior section only as to the time and manner of hearing and determining appeals, any other provisions theretofore in force were no longer in effect. They contend that in such a situation the principle and result in the case of *People* v. *Bryant,* 207 Cal. 450 [278 Pac. 1025], should govern here.

We are disposed to agree with the respondents' view of the matter. The Bryant case involved an appeal from a judgment of conviction in the superior court. The appeal was taken in February, 1928, pursuant to section 1247 of the Penal Code. Prior thereto and in May, 1927, the legislature had repealed section 1247 of the Penal Code. At the same session of the legislature, however, that body amended section 1246 of the same code to provide that the record on appeal shall be made up and filed in such time and manner as shall be prescribed in rules to be promulgated by the Judicial Council. That section also contained a provision that until the promulgation of such rules, the time and manner provided by statutes in force on January 1,

1927, should govern. In the Bryant case, as in the present proceeding, the defendant within due time had filed a transcript and record of the proceedings,. but did not file therewith nor separately a statement of the grounds of the appeal. The court concluded that there had been a substantial compliance with the rule in force at the time and that the respondent therein was not entitled to have the appeal dismissed. The reasoning for that conclusion was that the enactment of a separate and different section continuing in force the time and manner of taking appeals as provided by the repealed section was in a form which might readily mislead. ▮ While the same reasoning is not equally applicable here, we conclude nevertheless that the filing of the transcript within the prescribed time and settlement thereof by the trial judge was a substantial compliance with the provisions of section 1468 of the Penal Code as reenacted. In the section as reenacted there is no provision that if a statement of the grounds of the appeal be not filed within the time prescribed the appeal shall be ineffectual for any purpose. Pursuant to the terms of the section as reenacted if there had been no attempt to make a substantial compliance with the requirements within the time limited, the appeal would not be perfected. But in the absence of the specific provision a compliance by the filing of a transcript, settled as a proper statement by the trial judge, will be deemed a substantial compliance. This is deemed to be a correct determination of the question for two reasons: One, that the policy of the court is not to declare a forfeiture of the right of appellants to be heard on the merits because of noncompliance with technicalities in the absence of statutory mandate (*People* v. *Bryant, supra*) ; and two, that the mandate here does not exist because the legislature failed to reenact the last sentence of said section 1468 as it read prior to July, 1935. The later enactment assumes to be revisory of the entire matter of the former section. The legislature expressly continued in force only those provisions of the former section relating to the time and manner of taking appeals. If it had so desired, pending the promulgation of rules of the Judicial Council, to keep in force all the provisions of the earlier section, it would not have been at pains to specify only certain portions thereof. (*Mack* v. *Jastro*, 126 Cal. 130 [58 Pac. 372] ; *In re Weymann*, 92

Cal. App. 646 [268 Pac. 971]; *Suydam* v. *Los Angeles Ry. Co.*, 27 Cal. App. 157 [149 Pac. 55].)

For the foregoing reasons the peremptory writ is denied and the alternative writ is discharged.