[Crim. No. 3202. First Dist., Div. One. May 8, 1956.]

THE PEOPLE, Respondent, v. JOSEPH MOYLE, Appellant.

Joseph Moyle, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Emmet J. Seawell, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—October 6, 1955, the superior court denied defendant's petition (dated September 21, 1955) for relief from default in the presentation of the record upon his appeal from a judgment and from an order denying his motion for new trial. The judgment was rendered and the order was made on or about May 27, 1939. Defendant gave timely oral notice of appeal therefrom* but he did not then, or at any time, "file with the clerk and present an application to the trial court, stating in general terms the grounds

---

*At that time the applicable statute provided: "An appeal from a judgment may be taken by the defendant by announcing personally or through his attorney in open court at the time the judgment is rendered that he appeals from the same or by filing a written notice of appeal within two days after the rendition of judgment with the clerk of the court wherein judgment was rendered; and from any order made after judgment, by announcing in open court at the time the same is made that he appeals from the same. . . ." Pen. Code, § 1239, as amended by Stats. 1935, ch. 679, p. 1867, at 1868.)

of the appeal and the points upon which the appellant relies" required by section 7 of rule II of the Rules for Supreme Court and District Courts of Appeal then in effect concerning appeals in criminal cases.†

When making the order which is the subject of this appeal, the judge then presiding said he found that under date of January 22, 1951, the District Court of Appeal dismissed the appeal because of the appellant's failure to file his opening brief and that, therefore, it did not appear possible to give any relief. That was an incorrect premise. Our records show that the dismissal of January 22, 1951, was of a later appeal, an appeal from a superior court order made September 15, 1950, denying a petition of September 1, 1950, to modify the judgment by accelerating the starting date of the sentence imposed.

Defendant, in support of the present appeal, claims that the trial judge, in assigning a prior dismissal of the main appeal as the reason for denying the requested relief, in effect failed to consider the request because of a mistaken belief that he lacked jurisdiction to do so.

This presents the question whether, for a reason other than that assigned, the trial court may have lacked jurisdiction to grant the request.

█ It seems abundantly clear that defendant's failure to file the application required by section 7 of rule II deprived the court of any and all jurisdiction except to dismiss the appeal, in view of the mandate of the rule that if the application be not filed in time "the appeal shall be dismissed."

---

†Section 7 of rule II of those rules at that time significantly provided: "Upon an appeal by the defendant from a judgment of conviction or from an order denying his motion for a new trial, . . . the appellant must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal shall be dismissed; provided, that the appeal shall not be dismissed for any defect in the statement of such grounds or points which does not affect the substantial rights of the respondent. . . ." (213 Cal. xxxix-xl.)

The rule in question apparently first appearel in 204 Cal. xliii-xliv; declared effective September 1, 1928, in 204 Cal. lxviii.

It next appears in 213 Cal. xxxix-xl; apparently without change insofar as it bears upon the present inquiry.

It was still in effect in 1941, according to 18 Cal.2d 5-6; and superseded July 1, 1943, when the new Rules on Appeal were adopted (see 22 Cal.2d 1, 22-27, 27-34) in response to the legislative request therefor expressed in section 1247k of the Penal Code (Stats. 1941, ch. 562, p. 1945; amended by Stats. 1943, ch. 4, p. 111.)

It was so held in *People* v. *Davis*, 103 Cal.App. 318 [284 P. 516], and in *People* v. *Riga*, 104 Cal.App. 477 [285 P. 1069]. This rule was substantially the same as an antecedent statute (Pen. Code, § 1247) which was similarly interpreted. (*People* v. *Pietri*, 90 Cal.App. 69 [265 P. 508] ; *People* v. *Pierce*, 89 Cal.App. 290 [264 P. 519], hearing by Supreme Court denied; *People* v. *McClellan*, 88 Cal.App. 415 [263 P. 841], hearing by Supreme Court denied; *People* v. *Shaw*, 81 Cal.App. 312 [253 P. 747], reviewing five similar cases which had been decided during the period 1911-1926. See also confirmatory statement in *People* v. *Malone*, 213 Cal. 406, 407-408 [2 P.2d 332].)

Defendant relies heavily upon *People* v. *Bryant*, 207 Cal. 450 [278 P. 1025]. However, in that case the defendant, in addition to giving notice of appeal, filed with the clerk of the court a notice and request which specified in considerable detail the transcripts, exhibits, minute entries, and other records of the proceedings in the trial court. The Supreme Court found that to be a substantial compliance with the requirements of section 1247. In addition, the court made the observation that the 1927 repeal of section 1247 (Stats. 1927, ch. 620, p. 1047, § 4, at p. 1048) was misleading because the same chapter, by its amendment of section 1246, declared that until promulgation of judicial council rules relative to the making up and filing of the record on appeal ''the time and manner provided by statutes in force on January first, 1927, shall govern.'' (Same, § 1, pp. 1047-1048. See discussion of the Bryant case in *People* v. *Davis, supra,* 103 Cal. App. 318, 320; *People* v. *Riga, supra,* 104 Cal.App. 477, 478, and *People* v. *Appellate Dept. of Superior Court,* 8 Cal.2d 56, 59-60 [63 P.2d 812].)

In the instant case there was no compliance with the rule, no written application of any kind filed, a very considerable contrast to the situation which obtained in the Bryant case. It is manifest that the trial court was without jurisdiction to grant defendant's request. In view of this conclusion, it is unnecessary to consider whether or not defendant's many long years of delay would furnish an additional ground for affirmance.

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 6, 1956.