**Application of Joseph MOYLE, for a Certificate of Probable Cause.**

**Misc. 612.**

United States Court of Appeals Ninth Circuit.

Jan. 28, 1957.

James Williams, pro se, on brief.

Stedman Prescott, Jr., Asst. Atty. Gen. (C. Ferdinand Sybert, Atty. Gen., and James H. Norris, Jr., Special Asst. Atty. Gen., on brief), for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and WARLICK, District Judge.

Joseph Moyle, in pro. per.

Before DENMAN, Chief Judge.

DENMAN, Chief Judge.

Moyle, a prisoner of the State of California, applies to me for a certificate of probable cause for an appeal from a denial of his application for a writ of habeas corpus by the District Court of the Northern District of California.

It appears that in February, 1939, Moyle was convicted in the United States District Court of the Northern District of California of robbery of a contract station of the United States Post Office and sentenced to 25 years imprisonment. Thereafter, pursuant to his own request, Moyle was released to the California authorities to stand trial for violation of Section 209 of the California Penal Code. He was convicted and sentenced to life imprisonment without possibility of parole, this State sentence to commence at the expiration of his federal sentence. It further appears that Moyle's federal sentence has now expired and he is presently confined at San Quentin.

At the conclusion of his trial in the California Superior Court, Moyle's attorney gave oral notice of appeal as provided by the rules of procedure then in effect. Oral notice of appeal has since been abolished. Cal.Rules #31; see note 23 West's Ann.Cal.Codes 351 (1955). The rules then in effect required that an appellant within five days of the giving of notice of appeal file a statement of points on appeal and a designation of the record to be transcribed on appeal. No such statement or designation was ever filed.

In a prior federal habeas corpus the district judge held that the mere giving of notice of appeal conferred jurisdiction on the District Court of Appeal, and that Moyle could proceed with his appeal in the state courts, citing In re Byrnes, 1945, 26 Cal.2d 824, 161 P.2d 376. In the Matter of the Application of Joseph Moyle, U.S.D.C.N.D.Cal., S. Dist., No. 34800, September 8, 1955.

Thereafter Moyle moved the California Superior Court for relief from his default in failing to "file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon" within five days after giving notice of appeal, as required by Rule II Section 7 of the Rules for the Supreme Court and the District Courts of Appeal then in effect. See 213 Cal. xxxix (1932). The same rule further provides that "if such application is not filed within said time, the appeal shall be dismissed * * *." The Superior Court denied the motion and the District Court of Appeal affirmed. People v. Moyle, 1956, 141 Cal.App.2d 350, 296 P.2d 907.

Moyle's sole contention is that he was deprived of his appeal from his conviction in the state court and thereby denied due process. As is apparent from the opinion of the District Court of Appeal, the only reason why he did not receive an appeal is that he failed to file a statement of the grounds of appeal and a designation of the portions of the record to be transcribed on appeal. There is no indication that his appeal was wrongfully suppressed as in In re Byrnes, supra.

Hence it appears that the refusal of the state courts to allow Moyle an appeal rests not on any misapplication of state rules concerning criminal appeals, but upon Moyle's noncompliance with a reasonable requirement of state appellate procedure. Therefore no basis for federal habeas corpus exists. Brown v. Allen, 1953, 344 U.S. 443, 458, 73 S.Ct. 397, 97 L.Ed. 469.

The application for a certificate of probable cause is denied.